### DEVLIN v. McADOO et al.

(Supreme Court, Appellate Division, First Department. December 7, 1906.)

INJUNCTION—DISSOLUTION—SUBSEQUENT ACTS.

Code Civ. Proc. § 627, provides that, where an injunction was granted without notice or on notice with leave to apply to vacate or modify it, the party enjoined may apply for an order vacating or modifying the injunction order. *Held,* that where an injunction pendente lite was granted on notice restraining police officers from interfering or trespassing on complainant's premises, used as a social club, without a warrant, and thereafter complainants unlawfully used the premises as a poolroom, such officers were entitled to an order dissolving the injunction, though no leave was reserved in the original order.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 27, Injunction, § 348.]

Appeal from Special Term, Kings County.

Suit by John Devlin, individually and as president of the University Social Club, against William McAdoo and others, individually and as police officers of the city of New York. From an order denying defendants' motion to vacate an injunction granted at the Kings County Special Term, and denying the motion for a reargument of the motion for an injunction and for resettlement of the injunction order, by inserting a provision granting defendants leave to apply to vacate or modify the same, defendants appeal. Reversed, and injunction vacated.

See 96 N. Y. Supp. 425.

Argued before PATTERSON, INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

Terence Farley, for appellants.

Frederic B. McNish, for respondent.

LAUGHLIN, J. On the 11th day of December, 1905, upon affidavits showing that the University Social Club occupied the premises No. 23 East Eighth street, in the borough of Manhattan, for lawful purposes, as a private club, organized "to promote good-fellowship among the members and for social intercourse among the members," and that without warrant or other process or authority of law the defendants, as members of the police force of Greater New York, had, accompanied by other members of the police force acting under their direction, broken into the plaintiff's clubhouse with force and violence, had arrested the members present, had destroyed its property, and had threatened to commit further like acts of trespass, and had stationed patrolmen in uniform around the premises and prevented the members of the club and their friends access thereto, and a justice of the Supreme Court in the Second Department granted a temporary injunction restraining the defendants "from trespassing, entering, or breaking into said premises, without due warrant of law or other lawful process as provided by law, or otherwise continuing to oppress plaintiff and trespassing upon the plaintiff's premises until the further order of the court," and granted an order to show cause, returnable at Special Term in the county of Westchester on the 15th day of December, 1905, why the injunction should not be continued during the pendency of the action, and directed that service on the 12th of December, 1905, should be sufficient. The motion for the continuance of the injunction was heard at Special Term at the time specified in the order to show cause. The order shows that the defendants appeared by the corporation counsel and by L. J. Beaudrias, and that no papers were read in opposition to the motion. The order entered upon the decision of the motion bears date the 29th day of December, 1905. It enjoins the defendants individually and in their official capacity, as members of the police department, and the officers under their respective commands and their respective agents, attorneys, and servants, "from trespassing upon, entering, or breaking into the premises occupied by the University Social Club * * * or entering the same without permission of the occupants, without due warrant of law or other lawful process, or in any manner continue to oppress plaintiff or interfere in any manner with plaintiff or with the members of the said University Social Club, without due

warrant of law or other lawful process and from trespassing upon or interfering with plaintiff's said premises, either inside or outside." On the 31st day of January, 1906, the defendants duly appealed from the order, and their appeal is pending in the Second Department.

On the 17th day of April, 1906, the venue of the action, which was laid in the county of Kings, was changed to the county of New York. The motion which gave rise to this appeal was made at Special Term in the county of New York on the 24th day of August, 1906, upon an order to show cause, obtained on the 16th day of July, 1906. The affidavits upon which the defendants moved show by competent evidence that the premises which, since the 29th day of December, 1905, have been protected from interference by the police, except by warrant or other lawful process, are, and at all times referred to in the affidavits upon which the injunction order was granted, have been, and ever since the date of the injunction order have been, used as a poolroom, where bets on horse races were taken in violation of the provisions of section 351 of the Penal Code. The only papers read in behalf of the plaintiff in opposition to the motion are the papers upon which the injunction order was granted and the affidavit of the attorney for the plaintiff, showing, among other things, that the defendants have not perfected their appeal from the injunction order, have not moved for a reargument of the motion, that they did not serve their answers until after the lapse of several months, and have taken no steps to bring the case to trial, although it might have been long since tried and decided. The moving papers show that the defendants were unable to prepare affidavits in opposition to the motion in time to use the same on the return of the order to show cause why the injunction order should not be continued, and they asked for time within which to present affidavits, but that their application was denied by the court.

The attorney for the plaintiff, however, in his affidavit in opposition to the motion, states that the court gave them a day in which "to submit papers in opposition" to the motion. It does not appear that the defendants requested the learned justice who granted the injunction order to grant them leave to move to vacate it, or that any motion to resettle it in that regard was made. The defendants do not appear to have been stirred to activity with respect to being relieved from the injunction order until after the learned justice who presided when it was granted had been assigned to the Appellate Division in the Second Department, and the venue had been changed to the county of New York, nor until many months thereafter. In the meantime the issues might have been tried at Special Term and decided upon the merits. After the lapse of seven months, the motion which resulted in the order from which the appeal has been taken was made, and nearly three months elapsed before the appeal was argued in this court. Ordinarily such delay in failing to bring the issues to trial, unexplained, would be sufficient ground to warrant this court in refusing to hear the appeal from the order or in continuing the injunction. The case, however, being one of public interest, involving, as it does, the enforcement of the criminal law, we deem it our duty to decide the appeal upon the merits. Our authority to reach the merits of the case is embarrassed by the failure

of the defendants to meet the affidavits upon which the injunction order was granted upon the return of the order to ·show cause why it should not be continued, or to present an affidavit at that time showing their inability so to do and cause why they should be given further time. If they had done this, the Special Term should have afforded them a reasonable time to present affidavits showing the facts, and, if the Special Term had refused to do so, the order could have been reversed on appeal within a few weeks. If the defendants had presented in opposition to the motion for the injunction the affidavits which they present now, it is inconceivable that the injunction order would have been granted; and, had it been granted, it would have been promptly reversed on appeal.

Section 627 of the Code of Civil Procedure, which regulates the practice with respect to vacating or modifying injunction orders, provides as follows:

"Where the injunction order was granted without notice, or where it was granted upon notice, with leave to apply to vacate or modify it, the party enjoined may apply upon notice, to the judge who granted it or to the court, at a term where a contested motion in the action may be heard, for an order, vacating or modifying the injunction order."

The respondent cites this provision of the law, and apparently confidently urge that we are without jurisdiction in the premises. The learned counsel for the appellants suggests no avenue of escape, except upon the theory that the venue has been changed, and that for that reason, as well as for the reason of his assignment to the Appellate Division, an application cannot now be made to the justice who presided and granted the order for a resettlement of the same, so as to give leave to apply to vacate or modify it.

The case of McGorie v. McAdoo, 113 App. Div. 271, 99 N. Y. Supp. 47, does not stand in our way to do. justice on this appeal. There a similar injunction order had been granted in the Second Department, and after the venue was changed to the county of New York a motion was made at Special Term, not upon new papers or upon facts occurring subsequent to the granting of the injunction, but upon the papers upon which the injunction order was granted, to vacate the order upon the theory that under the decision of the Court of Appeals, in Delaney v. Flood, 183 N. Y. 323, 76 N. E. 209, 2 L. R. A. (N. S.) 678, the Supreme Court is without jurisdiction in any circumstances and upon any state of facts to issue an injunction against members of the police force as such. To that doctrine this court declined to subscribe. Burns v. McAdoo, 113 App. Div. 173, 99 N. Y. Supp. 51; McGorie v. McAdoo, supra. In the case at bar, however, we think that the obstacles that at first seemed unsurmountable may be overcome and justice may be done. If the affidavits merely showed what the defendants might have shown in answer to the motion for the injunction, it is doubtful whether the defendants would not be confined to their remedy by appeal from the order or relegated to a trial of the issues upon the merits. The affidavits, however, show not only that this was a poolroom at the time the injunction order was granted, but also that it continued to be operated as a poolroom down to the time the motion to vacate the injunction was

made in this department. Although the Special Term had jurisdiction
to grant the injunction at the time the order was made, it did not have
jurisdiction to grant immunity to the plaintiffs from future viola-
tions of the law, or to enable the plaintiffs, under the protection of
the injunction, to conduct a poolroom on the premises. In these cir-
cumstances the decision, as against these plaintiffs, who had notice
and are presumed to have had an opportunity to controvert the moving
affidavits and to fully present the facts when collaterally attacked, as
here, leave to make the motion not having been granted, may be, and
doubtless is, conclusive that no facts then existed which justified the
defendants in trespassing upon the plaintiff's premises or otherwise in-
terfering with them; but the court could not adjudicate in advance that
the plaintiffs would not at any time in the future be guilty of a viola-
tion of the law, or would not conduct upon the premises an illegal busi-
ness or one subject to the supervision of the police force. While the
injunction order stands, the plaintiffs enjoy the protection it affords.
It was, however, manifestly too broad, for literally, if a felony were
committed, the defendants would have no right to enter without a war-
rant, and if any other crime were committed they would have no right
to enter without a warrant, even though they might, but for the in-
junction order, have been able to lawfully enter and make arrests.

It must be assumed that the injunction order was granted upon the
theory that the plaintiffs not only were not violating the law, but that
there was no reasonable ground to justify the police in believing that
they were violating it. Burns v. McAdoo, supra. Of course, the court
did not intend to protect the plaintiffs from being raided by the police
should they change their lawful occupancy of the premises into an un-
lawful use. Although we may not now question collaterally the facts
upon which the court acted, we may act upon the new facts arising sub-
sequent to the granting of the injunction order. The court is without
power to enjoin the police officers from enforcing the law, and when,
as here, the court has granted an injunction upon the theory that the
police were acting oppressively, and were themselves alone violating
the law and invading the constitutional rights of the plaintiffs, and it
subsequently develops that the plaintiffs are violating the law, police
officers should not be required to take the risk of violating the injunc-
tion order, but should be relieved from its operation. On it appear-
ing to the court, as it appears by the affidavit upon which the motion
to vacate the injunction was made, that these premises were conducted
as a poolroom after the injunction order was granted, the right of the
plaintiffs to further protection under the injunction order terminated.
The plaintiffs have abused the process of the court by using the in-
junction order to shield them from detection and punishment in con-
ducting an unlawful business. By concealing the true facts they de-
ceived and misled the court into granting the injunction, under the pro-
tection of which they have continued to conduct a poolroom. On the
facts disclosed the inference is fairly deducible that they applied for the
injunction in bad faith, and, instead of obtaining it to protect them in
the enjoyment of their constitutional rights as the court was led to be-
lieve, they obtained it to enable them to continue to violate the law

without detection or interference by the officers clothed with the duty of enforcing the law. On the disclosure of such facts, the court not only has the power, but it is its duty, to vacate the order in toto.

It follows, therefore, that the order should be reversed, with $10 costs and disbursements, and an order entered vacating the injunction order, with $10 costs.

PATTERSON and CLARKE, JJ., concur.

INGRAHAM, J. The papers in this case illustrate the result of granting injunctions restraining the police officers from making an arrest when the criminal law of the state is violated. Upon granting such an injunction, the plaintiff and his agents are allowed to commit crime upon their premises with impunity, and the police are powerless, as they are enjoined from entering the premises, without a warrant, even for the purpose of procuring evidence to show that a crime is committed, and a warrant can only be obtained upon proof of the commission of the crime. I think a court of equity has no jurisdiction to entertain such an application, and for that reason I concur in the decision that the order appealed from should be reversed and the injunction vacated.

SCOTT, J., concurs.