GEORGE A. STEARNS, Appellant, *v.* GEORGE F. TITUS et al., Respondents.

ACTION FOR FALSE IMPRISONMENT — UNJUSTIFIABLE ARREST WITHOUT PROCESS. Plaintiff, an attorney, was arrested without process upon a charge of resisting an officer; he was discharged, and on trial of an action for false imprisonment it appeared that the alleged offense consisted of refusing to deliver to police officers a paper which had been handed him by his client. The arrest was sought to be justified under section 110 of the Penal Code, which is to the effect that a person who willfully destroys a paper knowing that it may be required in evidence is guilty of a misdemeanor. *Held,* that the arrest was illegal: that there was no evidence that the client had committed a crime and no reason for the belief that plaintiff proposed to destroy the paper; further, that no crime was committed or attempted to be committed by this plaintiff, which authorized an arrest without process.

*Stearns* v. *Titus,* 119 App. Div, 885, reversed.

(Argued October 9, 1908; decided October 23, 1908.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered June 25, 1907, affirming a judgment in favor of defendants entered upon a verdict and an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*George A. Stearns,* appellant, in person. The charge of the court is so full of errors that the judgment based upon it

must be reversed. (*Meeker* v. *Meeker*, 84 App. Div. 111; *Patterson* v. *Rathjins*, 11 N. Y. Supp. 322; *Cushing* v. *M. S. Ry. Co.*, 92 App. Div. 510; *Snead* v. *Bonnell*, 49 App. Div. 330.) Sayles was never legally arrested. (*People ex rel. Hammond* v. *Breen*, 44 Misc. Rep. 375; *People* v. *Hochstein*, 76 App. Div. 25; *People ex rel. Farley* v. *Crane*, 94 App. Div. 397.) The police authorities had no right to take the paper from possession of the plaintiff at any time. (*Clasen* v. *Morrison*, 47 N. H. 482; Code Crim. Pro. § 172.)

*Francis K. Pendleton, Corporation Counsel* (*Theodore Connoly* and *Terence Farley* of counsel), for respondents.

Cullen, Ch. J. This action was brought to recover damages for an assault and false imprisonment. The plaintiff is a lawyer; the respondents Oppenheim and Grabe police officers, and the respondent Titus a captain of police. On the occasion of the assault complained of, one Sayles, a client of the plaintiff, was in the latter's office when Oppenheim and Grabe entered therein and arrested Sayles upon a charge of grand larceny. No warrant had been issued for his arrest. Upon his arrest Sayles handed the plaintiff a paper, saying, "here you take this, it is my defense." The officers demanded of the plaintiff that he surrender the paper to them, which was refused. Thereupon, after something of a scuffle, they arrested the plaintiff, who was taken to the police headquarters, where the defendant Titus was in charge. The plaintiff was locked up for the night, and the next morning taken before a police magistrate, where the charge was made against him of resisting the officers in discharge of their duty. The plaintiff was discharged by the magistrate and thereafter brought this action. The parties are in conflict in their testimony as to what took place at the time of the plaintiff's arrest and at the time of his incarceration at police headquarters, but such conflict is immaterial on this appeal. The case was submitted to the jury, a verdict was found for the defendants, and the judgment on that verdict has been unanimously affirmed by the Appellate Division. Therefore, the only question before

18

us is whether the jury, in arriving at that verdict, were correctly instructed by the trial court as to the law of the case.

The learned trial judge charged that there was no evidence of the commission of any crime by Sayles, and, therefore, the plaintiff was not guilty of resisting the officers in the discharge of their duty, so far as he may have assisted Sayles in any resistance to arrest. But he further charged the jury that if the officers had reasonable cause to apprehend that the plaintiff or Sayles intended to willfully destroy the paper handed by the latter to the former, with intent thereby to prevent the same being produced, and the officers interfered to prevent such destruction, the arrest was justified. " If you find there was such a purpose on the part of either the plaintiff or Sayles, or the appearance of things at the time when Sayles threw the paper on plaintiff's desk was such as to lead a reasonably prudent person to believe or suspect that such a purpose had been formed by either the plaintiff or Sayles, namely, to destroy the paper, and Oppenheim interfered to prevent such destruction, and while doing so he was assaulted by the plaintiff, his arrest under the circumstances I have mentioned, if you so find them, was justifiable." To this the plaintiff took proper exception, and also asked the court to charge that the officers had no right to the paper passed from Sayles to him and that he was justified in using necessary force to retain it, which was declined and exception again taken. The instruction given by the court is not the law though it is sought to sustain it under section 110 of the Penal Code, which provides : " A person who, knowing that a book, paper, record, instrument in writing, or other matter or thing, is or may be required in evidence, or on a motion, upon any trial, hearing, inquiry, investigation, or other proceeding, authorized by law, wilfully destroys the same, with intent thereby to prevent the same from being produced, is guilty of a misdemeanor." The charge was plainly erroneous for two reasons : *First.* Because the court having charged the jury that there was no evidence in the case that Sayles had committed any crime, there could be no ground for believing. that the plaintiff purposed to

destroy the paper with intent to prevent it being produced on the hearing or investigation of a charge based on a crime which, we must assume, had no existence. The paper itself, which is in the record, in no way tended to implicate Sayles in the commission of a crime, but rather to exonerate him from any charge of wrongdoing. It must be remembered that we are not dealing with the question of the right to search a person legally arrested on a criminal charge, for here, in response to a request of the appellant's, the court expressly charged the jury that Sayles' arrest was illegal. On the facts in this case, not as appears by the evidence, for that, in view of the unanimous affirmance we cannot examine, but as charged by the trial court, there was no justification whatever for depriving the plaintiff of the paper. *Second.* The Code of Criminal Procedure (§ 177) prescribes when a police officer may arrest without a warrant: " 1. For a crime, committed or attempted in his presence; 2. When the person arrested has committed a felony, although not in his presence; 3. When a felony has in fact been committed and he has reasonable cause for believing the person to be arrested to have committed it." The offense defined by section 110 of the Penal Code is made a misdemeanor. To justify an arrest without a warrant, for the commission of that offense, the crime must be actually committed or attempt be made to commit it in the presence of the officer; reasonable suspicion or probable cause to believe its commission is not sufficient. Even in the case of a felony, to justify an arrest without a warrant, it is necessary to establish that a felony has in fact been committed.

There were other errors in the charge, to which, however, it is unnecessary to refer, as the error pointed out is plainly fatal to the judgment.

The judgment should be reversed and new trial granted, costs to abide the event.

EDWARD T. BARTLETT, HAIGHT, VANN, WERNER, WILLARD BARTLETT and CHASE, JJ., concur.

Judgment reversed, etc.