<hr/>

### STEARNS v. OPPENHEIM et al.

(Supreme Court, Appellate Division, First Department.   November 3, 1911.)

1. FALSE IMPRISONMENT (§ 30*)—ADMISSION OF EVIDENCE—PUNITIVE DAMAGES.

In an action for false imprisonment against police officers, claimed to have been committed when defendants entered plaintiff's law office to arrest S. therein on a charge of felony, by arresting plaintiff upon his refusal to surrender a paper received from S., defendants could show, on the question of exemplary damages, that a felony charge had been made against S. at police headquarters, and that defendants believed in good faith that the charge was well founded, and entered plaintiff's office for the purpose of arresting him.

[Ed. Note.—For other cases, see False Imprisonment, Dec. Dig. § 30.*]

2. APPEAL AND ERROR (§ 1066*)—HARMLESS ERROR—INSTRUCTIONS—PREJUDICIAL EFFECT.

In an action for false imprisonment against police officers, claimed to have been committed when they entered plaintiff's law office to arrest S. on a felony charge, the court excluded evidence, admissible on the question of punitive damages, that S. had been charged at police headquarters with committing a felony, and defendants attempted to arrest him in good faith, believing the charge well founded. The court instructed that defendants had no right to arrest S. unless a felony had been actually committed, and there was no evidence that a felony had been committed, and further charged that, in the absence of proof that S. had committed a felony, defendants had no business to arrest him. The court also declined to give "in the language requested" other instructions for plaintiff to the general effect that defendants were trespassers and brawlers in his office and unlawfully there with intent to assault him. Held, that the instructions were prejudicial to defendants, in view of the exclusion of the evidence offered, since, if defendants were to be held liable for punitive damages, to which plaintiff's requested instructions tended, defendants were entitled to show that they were there in good faith to arrest S. on a charge of felony lodged against him at headquarters, which they believed to be well founded.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4220; Dec. Dig. § 1066.*]

Appeal from Trial Term, New York County.

Action by George A. Stearns against Adolph Oppenheim and Charles Grebe, impleaded with another. From a judgment for plaintiff, and an order denying a motion for a new trial, defendants named appeal. Affirmed, as modified.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Clarence L. Barber, for appellants.
George A. Stearns, pro se.

LAUGHLIN, J. The action is for false arrest and imprisonment. The plaintiff was an attorney and counselor at law, and the appellants were detective sergeants, attached to the detective bureau of the department of police of the city of New York. On the 3d day of February, 1902, the appellants entered the law office of the plaintiff with a view to arresting one Sayles, who was there, and who had been charged with committing a felony. On being arrested, Sayles passed a paper to the plaintiff, which the appellants believed might be material evidence on the charge of obtaining money under false pretenses, on which they had arrested him, and on the plaintiff's refusal to deliver the paper up, and resisting their attempt to obtain possession of it, and, as they claimed, assaulting them, they arrested him for willfully obstructing them in the discharge of their duties and assaulting them, and took him to the police station, where he was locked up and detained overnight and until discharged by a magistrate the next morning.

On a former appeal herein (Stearns v. Titus et al., 193 N. Y. 272, 85 N. E. 1077) the Court of Appeals decided, on facts which are not controverted, that the taking and retention of the paper by the plaintiff did not constitute a misdemeanor committed in the presence of the officers, which justified them in arresting the plaintiff without a warrant, and that, in so far as they sought to defend the action on the theory that plaintiff was committing a misdemeanor in attempting to destroy evidence, it was groundless. On the trial which is now under review, no justification for the arrest of the plaintiff was established, and the only questions submitted to the jury for determination were those relating to the amount of the damages. The jury were allowed to award exemplary, as well as compensatory, damages, and the form of the verdict does not show the amount awarded for either. If, therefore, upon the trial or in the submission of the case to the jury, prejudicial error was committed with respect to either item of damages, the appellants are entitled to a new trial, unless the verdict shall be reduced sufficiently to cure the error.

[1] The plaintiff charged that the defendants entered his office, and with force and arms assaulted and arrested him, and violently pulled and dragged him about, and then forced and compelled him to accompany them to the police station. Although it was not material to the issues to determine whether or not Sayles had committed a felony or other crime, yet it was proper for the appellants to show the circumstances under which they entered the plaintiff's office, as bearing upon the question of exemplary damages. They pleaded as a defense that they entered the office to arrest Sayles for a felony, with which he was charged. They offered to show, by reading the testimony of one Bahr given on a former trial, he having since died, that Sayles had committed a felony. The evidence was excluded on a general objection interposed by the plaintiff, and the appellants duly excepted. The remarks of the court in excluding it indicate that it was ruled out on the theory that it would contradict the testimony of Sayles, given on cross-examination, with respect to the same matter, which was col-

lateral to the issue, and that, therefore, appellants were bound by his answers.

Notwithstanding the exclusion of this evidence on the plaintiff's objection, plaintiff requested the court to charge the jury that the appellants were trespassers in his office, and that they were there with intent to commit an unlawful act. The court responded, with respect to each of these requests, as follows: "Declined, in the language requested." The plaintiff then requested the court to instruct the jury that appellants had no right to arrest Sayles, unless a felony had been actually committed, and, further, that there was no evidence that he had committed a felony, both of which requests were granted, and appellants duly excepted. Plaintiff, not content with this, further requested the court to charge that, in the absence of proof that Sayles had committed a felony, "the defendants absolutely had no business to go there," to which the court replied: "I will not charge that. I will charge they had no business to arrest him." Plaintiff thereupon requested the court to charge "that their intent was, in going to that office, to make an unjustified assault," to which the court responded, "Declined, in the language requested," and the plaintiff further requested the court to charge that the defendants had no duty to perform in his office, and were therefore "mere trespassers and brawlers in said office." This request was declined. Plaintiff made 26 specific requests to charge, most of which were designed to have the jury instructed that the appellants were unlawfully in his office.

[2] It is manifest that this conduct on the part of the plaintiff was calculated to prejudice the appellants, and that the instructions to the jury at his request, to which reference has been made, were prejudicial. It is perfectly plain that, if the plaintiff was to be permitted to contend before the jury, as he did, that the defendants came into his office unlawfully and were trespassers there, and came with the intention of assaulting and arresting him or Sayles without authority, the appellants should have been permitted to show, not as a justification for the arrest of the plaintiff, but as bearing upon the question of whether they should be mulcted in punitive damages, that they were there in good faith, and that a charge had been made at headquarters that Sayles had committed a felony, and that they had been instructed to apprehend him, and that they in good faith believed that the charge was well-founded, and that they had a right to make the arrest without a warrant.

If the plaintiff had confined his complaint to his arrest and detention, and the treatment he received from the officers, and the court had instructed the jury that it was immaterial whether Sayles had committed a felony, or other crime, or not, and that they must assume that the detectives were lawfully in the plaintiff's office, in the performance of what they deemed to be their duty, then there would be no ground for interfering with the verdict; but in the circumstances we think that the judgment and order should be reversed, and a new trial granted, with costs to appellants to abide the event, unless the plaintiff stipulates to reduce the recovery to $1,000; and, if he shall so stipulate, the judgment and order, as so modified, are affirmed, without costs. All concur.