KALWIN BUSINESS MEN'S ASSOCIATION, INC., Plaintiff, *v.* GEORGE
V. McLAUGHLIN and Others, Defendants.†

Supreme Court, Kings County, January 30, 1926.

**Injunction — action to restrain police commissioner of city of New York from stationing police officers or detectives within plaintiff's clubroom — police raided plaintiff's club and made arrests without warrants — Greater New York charter, § 315, does not permit posting of police on premises without warrant — police commissioner enjoined during pendency of action from continuing police detail on premises and from unlawful forcible entry therein.**

Plaintiff, an incorporated club maintaining rooms for the use of its members in the city of New York, is entitled to an injunction *pendente lite* restraining the police commissioner of the city of New York from posting a detail of police officers and detectives within plaintiff's clubrooms or from making an unlawful forcible entry into said premises without a warrant in the absence of evidence showing a violation of law.

Section 315 of the Greater New York charter, which imposes upon the police of the city of New York the duty at all times to preserve the public peace, prevent crimes, inspect all gambling houses and to arrest all persons guilty of violating the law, does not justify the entrance by either the commissioner of police or the police of said city upon premises without a warrant or to continue thereon as trespassers by the posting of a detail of police, where there is nothing to show that the law is being violated.

.ACTION by plaintiff, an incorporated club, to enjoin the police from stationing police officers and detectives within its club rooms.

*George V. McLaughlin,* police commissioner, in *pro. per.*

---

* Since amd. by Laws of 1925, chap. 144.— [REP.
† Revd., 216 App. Div. ——. — [REP.

Misc. 698]                    Supreme Court, January, 1926.

*Henry G. Singer* [*Joseph A. Solovei* of counsel], for the plaintiff.

*Joseph P. Reilly, Corporation Counsel,* and *George Ward,* for the defendants.

STRONG, J.   Plaintiff is an incorporated club, duly organized pursuant to the laws of the State of New York.   It claims that the police of the city of New York are guilty of an unlawful entry and continuing trespass in its clubrooms, and it seeks to enjoin the police from stationing police officers and detectives within its clubrooms.   The law is well settled both in this State and by the Federal courts.   Section 8 of the Civil Rights Law (as amd. by Laws of 1923, chap. 80), which is almost identical with the Fourth Amendment of the United States Constitution, provides: " The right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures, shall not be violated; and no warrants can issue but upon probable cause supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

Plaintiff claims that the police violated its premises and the rights of its members in three ways: That it violated the premises by posting police in its clubrooms and by forcible entrance in numbers on its premises; that the police violated the rights of its members by unlawful search; that they also violated the rights of its members by unlawful arrest of some forty of them at one time, without warrant and without cause, they all being discharged by the magistrate when arraigned.   The placing of police in the rooms and the arrest without warrant is admitted.   The police claim that they " frisked " the men, and did not make what they term " a search."

The police commissioner appeared in person on the argument of the motion and made a strong plea for the observance of the law, claiming that he would be handicapped in his duty should the injunction be granted.   He also urged that section 315 of the Greater New York charter (Laws of 1901, chap. 466, as amd. by Laws of 1914, chap. 455), which makes it the duty of the police to at all times preserve the public peace, prevent crimes, inspect all gambling houses, and to arrest all persons guilty of violating the law, justified the police in invading and continuing as trespassers on the premises.   The plea was both earnest and honest.   But how is it justified?   It is an old saying that " two wrongs do not make a right."   The police must find authority to invade without a warrant or to continue a trespass.   The common law gave no such authority, and both the Bill of Rights and the Federal Constitution expressly prohibit such action.   The claim that section 315 of the charter gives a right to the police, which is not given

in the Bill of Rights or Federal Constitution, is without merit, as such a provision would be unconstitutional if it did.

Before and without section 315 of the charter, the police in the performance of their duty were compelled to do the things set out more particularly in this section of the charter. It does not broaden a general duty, nor does it give an additional right or privilege. It more particularly and perhaps unnecessarily defines the different duties. The police may enter and inspect all licensed places to a reasonable extent. They may not, however, invade or trespass upon private property of the individual, except under a warrant. (*People* v. *Summers*, 40 Misc. 384, 387.)

Section 177 of the Code of Criminal Procedure states in what cases the police may, without a warrant, arrest a person:

" 1. For a crime, committed or attempted in his presence;

" 2. When the person arrested has committed a felony, although not in his presence;

" 3. When a felony has in fact been committed, and he has reasonable cause for believing the person to be arrested to have committed it."

The members of this club were arrested, contrary to the provisions of this section, and were discharged by the magistrate. Neither an action at law, nor a criminal prosecution, can afford a citizen adequate relief against the indignity of unlawful arrest and prosecution. It is futile to argue that in the ends of justice the police should be given extraordinary rights or privileges not permitted by law. To let down the bars and permit of such a condition would constitute a dangerous precedent. Everything possible should be done by the courts to assist the police commissioner in maintaining law and order, and no restraining order will be granted which will in any way restrain him from lawfully maintaining law and order and making search and arrest in a lawful manner. He is not limited in his sphere of application for warrants. Section 147 of the Code of Criminal Procedure names the magistrates who may issue warrants, as justices of the Supreme Court, judges of any City Court, county judges, police and other justices appointed in a city, and the mayor of the city.

The decisions in this State restraining the police from unlawful entry and from committing a continuing trespass are as follows: *Hale* v. *Burns* (101 App. Div. 101); *McGorie* v. *McAdoo* (113 id. 271); *Burns* v. *McAdoo* (Id. 165); *Levy* v. *Bingham* (Id. 424); *Hagan* v. *McAdoo* (Id. 506); *Olms* v. *Bingham* (116 id. 804); *Fairmont Athletic Club* v. *Bingham* (61 Misc. 419); *Parkview Athletic Club* v. *Enright* (N. Y. L. J. July 30, 1925); *Stearns* v. *Titus* (193 N. Y. 272), and numerous other Special Term decisions.

In *Olms* v. *Bingham* (*supra*) the Appellate Division in this department has so conclusively stated the law that it would seem that further discussion on the question was unnecessary. To quote from page 806 of that decision: " That the police will be restrained by injunction from committing a continuing illegal trespass has been decided by this court and by the Appellate Division in the First Judicial Department so often that there should be no need to reiterate it."

The police commissioner contends that plaintiff is a violator of the law, and really desires protection from the police, in order to enable it to violate the law, and asks to have the motion denied, on the ruling in *Devlin* v. *McAdoo* (116 App. Div. 224). In that case the fact was admitted that a poolroom was being operated both before and after the issuing of the temporary injunction, and it was not shown that the police were either continuing trespassers or were oppressive. It differs from the case at bar, in that in the present case no violation of the law is shown. A suspicion is cast by reason of the acts of members of some other club, which the police claim was merged into this club, all of which facts are denied by plaintiff, and there is no record to show that the police have ground for their belief.

Taking the acts of the police in sequence: The placing of police in the premises is without warrant in law and is oppressive. It is difficult to understand what may be accomplished by placing them there. Certainly the law will not be violated while they are there, unless protection is demanded and paid, should there be a desire to violate it. The searching of the individual members cannot be defended, unless a crime was committed in the presence of the officer, or a warrant of arrest had first been obtained. The police claim that they " frisked." The word " frisk " signifies the running of hands rapidly over the person of another. The police have their own interpretation of the word, which is the passing of hands up and down and all around the individual and includes the placing of the fingers in the pockets of the person " frisked," and removing anything which may be desired. To search is to " strip " and examine the contents more particularly, and, if it be a woman, when it comes to the searching it is done by a matron. Some police, as in the case of *Jolly Ten Club* v. *McLaughlin*, decided herewith, admit their " frisking " to be a search, and have produced before the court exhibits which they procured from the pockets of the person " frisked."

The wholesale arrest of all occupants of a club or place of amusement, without warrant or real cause, and merely upon suspicion, where they are later discharged, after the expense of procuring

bondsmen and the inconvenience and disgrace attending such an arrest, cannot meet with the approval of this court. The court may not, and will not, enjoin the police officers from enforcing the law, and it is only when police officers are acting oppressively and without warrant in law that a court of equity will interfere in the protection of a constitutional right.

Since this motion was argued, and as recently as the present week, the Court of Appeals in this State has held that the person and property of the individual must be held free and inviolate from unwarranted search and seizure. (*People* v. *Defore*, 242 N. Y. 13.) There is nothing in the statute which differentiates between the unlawful entry or seizure by an official or that of a private individual.

To restrain the general search of the individual is impossible, as there might be times when such a search is justified, as above stated. A search, when not authorized, is condemned; likewise is the arrest of a large group of men, or women, without warrant. Such acts of oppression by the police cannot be anticipated, nor enjoined. The placing of police in a house or club may be restrained, and in this case an order will be granted enjoining the defendants, during the pendency of this action, from occupying, stationing and maintaining within the premises of the plaintiff any of the police officers or detectives under their command, and from any forcible unlawful entry into the premises.

The order will be prepared by the corporation counsel, or the police commissioner, in such form that it does not interfere with or restrain any legal or lawful right of the police, and be submitted on notice to plaintiff.