THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. ERNEST CARPENITO, Respondent.

Argued April 19, 1944; decided May 25, 1944.

*Thomas Cradock Hughes, Acting District Attorney (Henry J. Walsh* of counsel), for appellant. The evidence was sufficient to establish guilt beyond a reasonable doubt. (*People* v. *Soshtain,* 288 N. Y. 658; *People* v. *Richardson,* 287 N. Y. 563; *People* v. *Marra,* 289 N. Y. 703; *People* v. *Danzilo,* 276 N. Y. 480; *Burnet* v. *Coronado Oil & Gas Co.,* 285 U. S. 393.)

*Fiorello H. La Guardia,* as Mayor of the City of New York, *amicus curiæ.* The interpretations which have been placed upon

*People* v. *Richardson* (287 N. Y. 563) have so affected the enforcement of section 986 of the Penal Law as to impel a clarification by the Court of Appeals of its decision in that case. (*Pennsylvania Publications* v. *Penn. Public Utilities Com'n*, 32 A. 2d 40; *People [Lennon]* v. *Camio*, 165 Misc. 134; *People* v. *Busco*, 46 N. Y. S. 2d 859; *Kerr* v. *Kerr*, 134 App. Div. 141.)

*Harry Gittleson* for respondent. The People have failed to prove defendant guilty beyond a reasonable doubt. (*People* v. *Soshtain*, 288 N. Y. 658; *People* v. *Richardson*, 287 N. Y. 563.)

*Per Curiam.* A police officer observed the defendant for thirty-five minutes at the corner of 69th Street and 8th Avenue. It does not appear that the defendant had loitered at the same point on other occasions, or indicated in any way to wayfarers on the street or to the general public that he would accept bets on horse races. During the time he was watched by the police officer five persons approached him, and each handed him a dollar bill after examining a " scratch sheet." It does not appear that this was done in a furtive manner. Circumstantial evidence in a criminal case is of no value if the circumstances are consistent with the hypothesis of innocence. They must point logically to defendant's guilt " excluding to a moral certainty every other reasonable hypothesis." (*People* v. *Taddio*, 292 N. Y. 488, decided herewith.) From the facts proven at the trial the Court of Special Sessions has drawn " the inference of guilt " against the defendant, but we agree with the Appellate Division that the evidence was not sufficient to warrant the finding of guilt beyond a reasonable doubt. " The inferences from the facts shown are not sufficiently conclusive * * * to exclude all other inferences and to justify the judgment obtained against him." (*People* v. *Razezicz*, 206 N. Y. 249, 273.) No general rule can be formulated which will enable the trier of the facts to measure mechanically the probative force of the evidence in each case where a person is accused of violation of section 986 of the Penal Law. The testimony varies with each case, and the probative force of circumstantial evidence depends upon the totality of the facts shown. Notation of bets by the accused may furnish convincing evidence of guilt, but a

writing is not an essential element of the statutory misdemeanor. Where there is no writing, other circumstances may be convincing evidence of guilt.

The judgment should be affirmed.

LEHMAN, Ch. J., LOUGHRAN, LEWIS, DESMOND and THACHER, JJ., concur; RIPPEY and CONWAY, JJ., taking no part.

Judgment affirmed.