Archibald C. Wemple, J.
Shortly after the trial hereof the defendant obtained from this court a writ of habeas corpus. After the hearing, the writ was sustained on the ground that the information herein was defective. The District Attorney appealed from this decision to the Appellate Division (8 A D 2d 660), which reversed this court and found that the information was sufficient and that it came within the minimal requirements laid down in People v. James (4 N Y 2d 482). The information referred to was laid by a police officer on an informal statement of the complainant. The statement was signed and witnessed, but did not contain a jurat.
On the trial herein it appears that the Clerk of the Police Court did testify that the information furnished by the complainant was taken under oath. This trial record was not available at the time of the hearing before this court on the habeas corpus application.
The complainant whose unsworn statement has just been referred to was the principal witness upon trial. He testified to the alleged placing of eight separate horse race $1 bets with the defendant herein. Simply stated, the complainant testified under oath that he went to the defendant’s premises *623 to discuss a painting ¡job and was “ invited ” by the defendant to place bets and “make a day’s pay.” The complainant picked four horses and states the defendant picked four horses which were listed on an Armstrong sheet. It appears that apparently fortune smiled upon one of the complainant’s choices for he stated he received the following day a blank envelope with a $5 bill enclosed. This was the only testimony in the case to connect the defendant with the alleged crime of book-making.
The Court of Appeals said in People v. Goldstein (295 N. Y. 61, 63): “ This court has not considered evidence sufficient where there is nothing more than the approach on the sidewalk of a few people to the defendant, the examination of a scratch sheet and the passing of money. The circumstances are not deemed sufficient to remove the case from uncertainty as to whether defendant’s status is that of a mere player or of a professional book-maker.” The court further cited People v. Carpenito (292 N. Y. 498); People v. Marra (289 N. Y. 703); People v. Soshtain (288 N. Y. 658); People v. Richardson (287 N. Y. 563). In all of these cases the evidence was circumstantial and did not involve any direct conversations or transactions with the defendant until after the arrests were made. In this case the evidence is only slightly stronger. The complainant went looking for work, not finding it he was invited to make some horse bets from a newspaper that published the entries for the day. The prosecution produced no other evidence such as wire tapes, slips of paper or memorandums of bets taken from the defendant, results of police surveillance or even scratch sheets. The complainant testified that he found $5 in his mailbox a day or so later, but in no way connected the defendant with having put it there.
In People v. Carpenito (292 N. Y. 498, 499-500) the court said: “ Notation of bets by the accused may furnish convincing evidencing of guilt, but a writing is not an essential element of the statutory misdemeanor. Where there is no writing, other circumstances may be convincing evidence of guilt.”
In the case at bar, there are no writings or other convincing evidence of any kind.
It does appear to this court that the evidence presented is not sufficient to show that the defendant was engaged in professional book-making beyond a reasonable doubt.
The conviction is reversed. Enter order accordingly.