Burke, J.
(dissenting in People v. Caliente). The majority reverse the conviction because, since the acts of the defendant observed by the arresting officer did not, standing alone, constitute legally sufficient evidence to support a conviction, the misdemeanor was not committed in the ‘ ‘ presence ’ ’ of the policeman and the arrest was consequently unlawful and the additional, and admittedly adequate, evidence obtained through the search incident thereto inadmissible. This is a reading of section 177 of the Code of Criminal Procedure which seems inexplicable. I had. always thought that a crime was being committed in one’s presence if one was there while it was going on and could see, hear or otherwise sense what was happening. One is in the presence of an iceberg even though only that part above the water can be seen.
Up till now this court has held that it was for the jury to determine whether a misdemeanor had been committed in the presence of the arresting officer. If the defendant was convicted of the misdemeanor for which he was arrested, and the arresting officer had been “present”, as that word is ordinarily used, during the commission of the misdemeanor, that ended the matter and no action for wrongful arrest could ever be brought. Conversely, and it is this fact which I believe has led the court *98 astray here, if the person arrested could show that he did not commit the misdemeanor for which he was arrested, no amount of probable cause could avail the policeman against an action for unlawful arrest. (Stearns v. Titus, 193 N. Y. 272; People v. Defore, 242 N. Y. 13; McLoughlin v. New York Edison Co., 252 N. Y. 202.)
We are now confronted with a problem presented by the ruling of Mapp v. Ohio (367 U. S. 643) which forces us to distinguish, on criminal appeals, between evidence legally and illegally obtained. It is clear, therefore, that the old rule governing the legality of no-warrant misdemeanor arrests can no longer be determined by whether or not the jury ultimately convicts the defendant, at least where there is a claim that some of the evidence supporting the conviction was seized incident to an illegal arrest, the legality of which must be determined in order to determine whether the evidence seized incident thereto was the product of an unreasonable search. The circularity of such a test is apparent.
The majority has resolved the problem by holding that in the case of a no-warrant misdemeanor arrest, i.e., for a misdemeanor committed in the “presence ” of the arresting officer, no misdemeanor is committed in anyone’s ‘ ‘ presence ’ ’ unless what was directly observed could, in and of itself, sustain a conviction. That is to say, unless in retrospect sufficient evidence to convict was apparent to the arresting officer, the arrest is unlawful and all further evidence seized incident thereto is inadmissible notwithstanding the degree of probable cause for the arrest and the persuasiveness of any additional evidence obtained through the search.
Section 177 does not, of course, so require. All it demands of a no-warrant misdemeanor arrest is that there be (1) a misdemeanor, and (2) that it he committed in the arresting officer’s presence. It is not addressed to the question of how either of these two requisites is established. As far as section 177 is concerned, therefore, the arrest is legal ah initio if the officer was there when the alleged misdemeanor was committed and the jury convicts, thereby finding that the misdemeanor actually was committed. It is quite true that we must conform to the Mapp {supra) holding and the further constitutional requirement that *99 ‘ ‘ a search is not to be made legal by what it turns up. In law it is good or bad when it starts and does not change character from its success.” (Byars v. United States, 273 U. S. 28, 29; United States v. Di Re, 332 U. S. 581, 595.) I think, however, that the majority has gone too far.[1] All that the Constitution requires in such a case is that there be probable cause for the search. If the arrest to which it is incident is otherwise lawful, and I have tried to show that it is here, the search is likewise lawful and the evidence admissible. (Brinegar v. United States, 338 U. S. 160.)
To summarize, I would not dilute the existing statutory requirement that the misdemeanor be actually committed in the arresting officer’s presence, as ultimately determined by the jury. To conform to constitutional requirements governing searches, I would add that the officer must also have probable cause to believe that the proper statutory grounds for the arrest, to which the proposed search will be incident, exist. In the case of misdemeanors, this would be probable cause to believe that a misdemeanor is being committed in the presence of the policeman. Such cause clearly existed here. I would, however, not add the requirement adopted by the court today. Such a rule will inevitably engage this court in a morass of reviewing no-warrant misdemeanor convictions to determine not only if there is sufficient evidence to support the conviction, but, collaterally, whether such evidence was apparent to the arresting officer prior to the search.
In People v. Caliente: Judgment reversed and the complaint dismissed.
Chief Judge Desmond and Judges Fuld, Van Voobhis and Foster concur with Judge Froessel; Judge Burke dissents in an opinion in which Judge Dye concurs.
In People v. Cognetta and Grecco: Judgments reversed, the complaint dismissed and the fines remitted.
Judges Fuld, Van Voobhis and Foster concur with Judge Froessel ; Chief Judge Desmond dissents and votes to affirm on *100 the ground that in reason these crimes were committed ‘ ‘ in the presence ” of the officer within the meaning of section 177 of the Code of Criminal Procedure. (See People v. Foster, 10 N Y 2d 99, 102.) Judges Dye and Burke dissent and vote to affirm for the reasons stated in the dissenting opinion in People v. Perlman and Bernstein, decided herewith.
In People v. Perlman and Bernstein: Judgments reversed, the complaint dismissed and the fines remitted.
Judges Fuld, Van Voorhis and Foster concur with Judge Froessel ; Chief Judge Desmond dissents and votes to affirm on the ground that in reason these crimes were committed “ in the presence ” of the officer within the meaning of section 177 of the Code of Criminal Procedure. (See People v. Foster, 10 N Y 2d 99, 102.) Judge Dye dissents in an opinion in which Judge Burke concurs.
In People v. Sessa: Judgment reversed, the complaint dismissed and the fines remitted.
Chief Judge Desmond and Judges Fuld, Van Voorhis and Foster concur with Judge Froessel; Judges Dye and Burke dissent and vote to affirm for the reasons stated in the dissenting opinion in People v. Caliente, decided herewith.
Judgments reversed, etc.

. Even accepting the reasoning of the majority, the policeman observed sufficient acts of the defendant to make out a prima facie case of the crime of book-making. The defendant’s furtive conduct supplied the elements we noted as missing in People v. Carpenito, 292 N. Y. 498.