Anthony J. Di Gtovanna, J.
Defendant was convicted of the misdemeanors of engaging in book-making (Penal Law, § 986) and possession of book-making records (Penal Law, § 986-b). His main contention on appeal is that the exhibits received in evidence over his objection were obtained by an unlawful search and seizure. The prosecution asserts that the search was proper in that it was incidental to a lawful arrest for a crime committed in the presence of a police officer.
*814 The arresting officer testified that on the morning of September 4, 1961, he was in a car parked across the street about 50 feet from defendant’s butcher shop. From this vantage point, he looked through the store window and saw defendant answer the telephone on three separate occasions. Each time defendant wrote on a slip of paper which he placed in a paper bag on a counter next to the telephone. When defendant answered the telephone for the fourth time, the police officer said he proceeded across the street and stationed himself at the doorway of the store where he heard defendant say, ‘ ‘ Itching Palm ’ ’ and “ Lucky Uncle ”. “ That’s 10 and 10, that’s 20, right? ” and saw him write on a slip of paper. He thereupon entered the store, placed defendant under arrest and seized the slip of paper and a bag which contained 15 additional slips. The officer testified that the slips of paper were records of wagers on horse races and baseball games commonly kept by a book-maker. He also testified that after the papers were taken from defendant he admitted that he had taken bets for friends. Defendant offered no evidence in his own behalf.
Upon the foregoing proof, I am of the opinion that there was' no valid basis for defendant’s arrest and that the subsequent search and seizure were unlawful. Without a warrant, a police officer may arrest a person for a misdemeanor only if it is committed in his presence. (Code Crim. Pro., § 177, subd. 1; People v. Moore, 11 N Y 2d 271; People v. Tedesche, 3 A D 2d 220.) The officer’s testimony as to observations of defendant’s activities and the telephone conversation which he overheard, was insuffificient to establish any violation of sections 986 and 986-b of the Penal Law. The conduct of the defendant with respect to the telephone conversations which the officer did not overhear, namely, in answering the telephone and writing on slips of paper, was consistent with the normal, legal operation of a butcher shop. As to the portion of the telephone conversation which the officer overheard, the statements attributed to defendant were as consistent with the placing of a bet by a bettor as with the acceptance of a bet by a book-maker. Since the statutes here involved have been held to apply only to the professional book-maker who makes a business of betting and not to the player who places a bet (People v. Goldstein, 295 N. Y. 61), the evidence was insufficient to prove that a crime had been committed. It is fundamental that “ Circumstantial evidence in a criminal case is of no value if the circumstances are consistent with the hypothesis of innocence.” (People v. Carpenito, 292 N. Y. 498, 499; also, see, People v. Pearlstone, 38 Misc 2d 33.)
*815 The arrest being unlawful for lack of proof that a crime had been committed in the officer’s presence, the subsequent search and seizure were also unlawful. A search is proper if it is conducted pursuant to a legal search warrant, or by consent, or if it is incident to a lawful arrest. (People v. Loria, 10 N Y 2d 368.) Here there was no compliance with any of these prerequisites. Consequently, the admission in evidence of the papers seized from defendant violated his constitutional rights. (Mapp v. Ohio, 367 U. S. 643; see People v. Moore, supra.) Likewise, defendant’s alleged admission to the arresting officer was clearly the product of the unlawful search and seizure and as such should have been excluded. (People v. Rodriguez, 11 N Y 2d 279, 286-287.) Inasmuch as the proof of the violations here charged depends on tainted evidence seized during an unlawful search, the result reached below cannot be permitted to stand.
The judgment of conviction should be reversed on the law and facts and the complaint dismissed.
Hart and Brown, JJ., concur.
Judgment reversed, etc.