■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. SAMUEL CARTER, Appellant.— Appeal from a judgment of conviction of the County Court, Albany County, for the crime of robbery, second degree (Penal Law, § 2126). Appellant was convicted of robbing a liquor store owned by one Artie Green in the City of Albany. At the trial one Gerald Duval, a clerk in the liquor store at the time of robbery, testified that while he was alone at about 10:30 P.M., on May 17, 1962 a man entered with a handkerchief over his face and his hand in his back pocket and demanded the receipts from the cash register. Duval testified that he took about $75 to $80 from the register which his assailant promptly seized, except for three one dollar bills, and hurriedly left the store. Immediately thereafter Duval turned on the alarm. Three other witnesses testified that as they were sitting across the street they observed a man leave the liquor store and that when the alarm went off this man ran into an alley. Subsequently, a police car arrived and a man was apprehended leaving the alley. These witnesses could not identify appellant but did testify that the man who was arrested was the same man who ran into the alley. The arresting officer testified that when he apprehended appellant

he found $78 on his person. Appellant contends that the People's case was not proven beyond a reasonable doubt and that the crime charged in the indictment was not proven. Appellant's first point is that the circumstantial evidence present in the instant case alone would not be sufficient to support a conviction citing *People* v. *Carpenito* (292 N. Y. 498). Here, however, Duval testified that on two occasions his assailant dropped the cloth from in front of his face and that from what was revealed in those instances he could positively identify the appellant as his assailant. Such testimony would obviate consideration of the sufficiency of the circumstantial evidence. Appellant vigorously attacks the probative value of Duval's testimony. We find here that this was properly submitted to the jury as a factual question (see *People* v. *Oakley*, 10 A D 2d 457, 461). Appellant also urges that the testimony of Mrs. Alston concerning a previous identification was improperly admitted. We cannot agree (Code Crim. Pro., § 393-b; *People* v. *Spinello*, 303 N. Y. 193). *People* v. *Trowbridge* (305 N. Y. 471) urged as controlling by appellant involved testimony as to a previous identification not by the party making the previous identification but by a witness to such identification and thus is not apposite here. Similarly we find no merit in appellant's contention that there is inadequate proof that the crime was accomplished by force or fear as required by section 2126 of the Penal Law. While no weapon was exhibited or specific threats alluded to, we find it sufficient that the assailant at the time he demanded the receipts stood with his hand in his back pocket and the storekeeper stated he felt from his assailant's action that if he failed to comply with his assailant's demands he would suffer bodily harm. Judgment of conviction unanimously affirmed. Present — Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.