JEFFERSON OYER AND TREMINER.   December, 1853.   Before *W F. Allen* and the Justices of the Sessions.

### THE PEOPLE *vs.* JOHN H. ALLEN.

On the trial of an indictment charging the defendant with having uttered and published as true, a promissory note made by the defendant, on which the names of certain individuals appearing as endorsers were alleged to have been forged, it is a good defence, under the plea of *autrefois acquit*, that the defendant had before been indicted and tried for the offence of forging and counterfeiting the same endorsements and on such previous trial had been acquitted by the verdict of a jury upon the merits, the only controverted question on both trials being whether such endorsements were genuine.

The prisoner was indicted for uttering and publishing as true, in the county of Jefferson, a note made by himself, on which the names of certain individuals were alleged to have been forged as endorsers, knowing such endorsements to be false, forged and counterfeit.

The defendant interposed the plea of *autrefois acquit,* and on the trial it appeared that he had before been indicted and tried in the county of Lewis for the offence of forging and counterfeiting the same endorsements, and acquitted by the verdict of a jury upon the merits.

Upon the trial of the present indictment, the proof was that the body of the note and signature were in the handwriting of the prisoner; that the last endorsement upon the note was genuine, and was made in Lewis county, at the request of the prisoner; that when the note was presented to the last endorser for his endorsement by the prisoner, the endorsements alleged to be forged were upon the note; that the note was then trans-

mitted by mail by the prisoner to a bank at Watertown, Jefferson county, for discount, and by the bank discounted, for the benefit of the maker. The prisoner and all the parties to the note resided in the county of Lewis, where, as it appeared, the note was made and endorsed and the forgeries committed, if committed at all.

*Mullin & Bagley*, for prisoner, objected; that upon the evidence the record of acquittal upon the former indictment was a bar to this prosecution; that, if the endorsements were in truth forged, the proof was that the forgeries were committed by Allen, in the county of Lewis, and upon the trial of the question whether they were or were not forgeries, the issue had been determined in favor of the defandant, and was conclusive as a verdict of a jury upon a question directly in issue, and that the prisoner could not be put to a second trial of the same question. That the only question upon both indictments was upon the genuineness of the endorsements, and that the defendant could not be twice put in jeopardy upon the same question and upon susbtantially the same evidence, by varying the form of the indictment, and charging another offence, which might have been joined in the former indictment.

*J. Moore, Jr.* (Dis't Att'y) and *W. Starbuck*, for the prosecution, cited 2 *R. S.* 670, § 39; 12 *Wend. R.* 425; 2 *R. S.* 702, § 30; 17 *Wend. R.* 386.

The court sustained the objection, and directed a verdict of acquittal, upon the ground that the evidence to establish the guilt of the prisoner of the offence charged in this indictment necessarily established his guilt of the offence of forgery charged in the first indictment, which was no longer an open question, the jury upon the trial of that indictment having by their verdict found the endorsements genuine. That the only litigated question of fact upon both indictments was the same, and both indictments would be sustained by substantially the same evidence.

Prisoner acquitted.