## COURT OF APPEALS.

### July 11, 1916.

## THE PEOPLE v. LOUIS THAU.

### (219 N. Y. 39.)

ASSAULT AND BATTERY *—DEFENSE OF AN ALIBI—SUCH DEFENSE RAISES THE
    DIRECT ISSUE OF THE IDENTITY OF THE PERSON WHO ASSAULTED THE
    COMPLAINANT—EVIDENCE—WHEN EVIDENCE THAT THE DEFENDANT
    WITH OTHERS VISITED COMPLAINANT AND WARNED HIM AGAINST
    WORKING FOR A NON-UNION SHOP AND DESTROYED GOODS BELONGING
    TO COMPLAINANT IS PERTINENT ON QUESTION OF MOTIVE.

The indictment charges the defendant with assault. The defense is
an alibi. The People introduced testimony tending to prove that the
defendant visited the complainant's place of business about two weeks
before the commission of the crime with a large number of other
persons accompanied by a walking delegate, who warned the com-
plainant against working for a non-union shop; and that on this
occasion the defendant destroyed about fifty dollars worth of garments
belonging to the complainant. *Held,* that the defense of an alibi
raised in the most direct manner an issue as to the identity of the
person who assaulted the complainant, and that the previous
occurrences had a tendency to show the existence of a motive, and
hence that the evidence was admissible as tending to establish a
motive, a common scheme or plan, and the identity of the person
charged with the crime specified in the indictment.

(People v. Thau, 168 App. Div. 843, reversed.)

APPEAL from an order of the Appellate Division of the
Supreme Court in the first judicial department, entered Decem-
ber 2, 1915, which reversed a judgment of the Bronx County
Court rendered upon a verdict convicting the defendant of the
crime of assault in the second degree and granted a new trial.

The facts, so far as material, are stated in the opinion.

* See Note, Vol. 29, p. 430.

*Francis Martin* and *Edward J. Glennon,* for appellant. The court properly admitted evidence of the occurrence which took place in complainant's place of business on the 2d day of September, 1914. (Johnson v. Comm., 115 Penn. St. 369; People v. Rolfe, 61 Cal. 541; People v. Harris, 136 N. Y. 423; People v. Barobuto, 196 N. Y. 293; People v. Rimieri, 180 N. Y. 163; People v. Loose, 199 N. Y. 505; People v. Murphy, 135 N. Y. 450; State v. McCahill, 72 Iowa, 111.) The acts and statements of both September 2, 1914, and September 15, 1914, were all in furtherance of one object. The sole purpose of all the acts of the defendant was, by force, fear and threats, to prevent the complaining witness from doing work for a non-union shop. (Stephen's Digest [Chase ed.], art. 9, p. 28; Pontius v. People, 82 N. Y. 339; People v. Daily, 73 Hun, 16; 143 N. Y. 628.)

*Abraham Levy, Leo H. Klugherz* and *Max S. Levine,* for respondent. The Appellate Division was right in determining that it was error for the trial court to receive in evidence the acts and declarations of September 2, 1914. (People v. Molineux, 168 N. Y. 264; People v. Romano, 84 App. Div. 318; People v. Flanagan, 42 App. Div. 318; People v. Duffy, 212 N. Y. 57.)

WILLARD BARTLETT, Ch. J.:

The indictment charged the defendant with having assaulted one Samuel Schaletsky (whose true name appears to have been Samuel Skiletsky) in the borough of The Bronx on the 15th day of September, 1914, by striking him with a bottle. The defense was an alibi. The People were permitted to introduce testimony, over the objection and exception of the defendant, tending to prove that he had visited the complainant's place of business about two weeks before (to wit, on the 2d day of September, 1914) with a large number of other persons accompanied by

a walking delegate, so called, who warned the complainant against working for a non-union shop; and that on this occasion the defendant destroyed about $50 worth of garments belonging to the complainant by pouring ink upon the goods out of a bottle which he had brought with him. The Appellate Division has reversed the judgment of the County Court upon the conviction of the defendant on the ground that it was error to admit evidence of this occurrence on September 2, 1914. In the opinion it is said that there was no question of identity in the case; that the evidence was not admissible as bearing upon the motive with which the assault was committed; and that the two occurrences were so dissimilar that the proof had no tendency to establish a common intent.

We are unable to agree with the learned court below on any of these points.

The defense of an alibi raised in the most direct manner possible an issue as to the identity of the person who assaulted the complainant on the 15th of September. Any fact tending to show that the complainant was not mistaken in alleging that that person was the defendant was relevant to that issue. If the defendant to the knowledge of the complainant had visited his shop within a fortnight and had then criminally destroyed some of his goods that fact would be likely so to impress the mind of the complainant as to lessen the probability that he was mistaken concerning the identity of his assailant on the 15th of September.

While it may not have been necessary for the prosecution to establish a motive for the assault alleged in the indictment, it was entirely proper for the People to prove a motive if they could; and it seems quite clear to us that the occurrences of the 2d of September had a tendency to show that such a motive existed in the objection on the part of the defendant and his associates to the conduct of the complainant in working for a non-union shop. The learned judge who wrote for the Appellate

Division says that it does not appear that the complainant did work or ever had worked for a non-union shop. The testimony of the complainant, however, indicates clearly that the delegate who came to his place of business with the defendant on the 2d of September believed that the complainant was working for non-union shops and justifies the inference that the defendant shared that belief. Otherwise it is difficult to account for his action in pouring ink upon the complainant's goods. It seems to us that the occurrences on both occasions as narrated by the witnesses for the prosecution were so similar that they tended to establish a common intent and hence that the evidence as to the occurrences of September 2d was admissable on that ground also.

The rule which excludes evidence of other crimes than that which is charged in the indictment unless the evidence is relevant to the issue or issues on trial should be strictly enforced. On the other hand, where the evidence is relevant the trial court should not hesitate to receive it notwithstanding the fact that it tends to prove the defendant guilty of another offense. The proper practice in cases of this kind was well stated by Mr. Justice BREWER (afterward a distinguished associate justice of the Supreme Court of the United States) in State v. Adams (20 Kan. 311, 319), where he said: " It is clear that the commission of one offense cannot be proved on the trial of a party for another merely for the purpose of inducing the jury to believe that he is guilty of the latter because he committed the former. You cannot prejudice a defendant before a jury by proof of general bad character or particular acts of crime other than the one for which he is being tried. And, on the other hand, it is equally clear that whatever testimony tends directly to show the defendant guilty of the crime charged is competent, although it also tends to show him guilty of another and distinct offense. A party cannot by multiplying his crimes diminish the volume of competent testimony against him. A man may commit half a dozen distinct crimes and the same

facts, or some of them, may tend directly to prove his guilt of all; and on the trial for any one of such crimes it is no objection to the competency of such facts as testimony that they also tend to prove his guilt of the others." In People v. Molineux (168 N. Y. 264) this court, speaking through our lamented associate, Judge WERNER, declared that evidence of other crimes is competent to prove the specific crime charged in the indictment when it tends to establish (1) motive; (2) intent; (3) the absence of mistake or accident; (4) a common scheme or plan, embracing the commission of two or more crimes so related to each other that proof of one tends to establish the others; and (5) the identity of the person charged with the commission of the crime on trial. In the present case we think that the evidence which the Appellate Division deemed objectionable was properly received as tending to establish motive, a common scheme or plan, and the identity of the person charged with the crime specified in the indictment.

We may add that an apt illustration of the relevancy of evidence tending to establish another crime than that charged in the indictment where the defense is an alibi, is to be found in the case of Regina v. Briggs (2 Moody & Robinson, 199). There the prisoner was indicted for the robbery of one Sladden; the defense was an alibi and in order to show that the prisoner was near the place of the robbery at the time it was committed the prosecution was allowed to prove that one Makinson had been accosted by the defendant on the road shortly before the complainant was robbed and had also been robbed by the party who accosted him. Here the testimony of Makinson tended to show that the defendant had committed another crime; but it was nevertheless held that the evidence was properly admitted.

The judgment of the Appellate Division should be reversed and the judgment of the County Court of Bronx county affirmed.

HOGAN, J. (dissenting) :

I dissent from the opinion of the chief judge in this case, particularly from that part of it which holds that the defense of an alibi raised in the most direct manner possible the identity of the person who assaulted the complainant on the 15th day of September, for the reason that before any defense was offered by the defendant the People were permitted to introduce the testimony referred to in the opinion as a part of the People's case. We cannot assume that the People then knew the grounds of defense which would be offered by the defendant, and the evidence criticised was admitted as original proof in the case at the opening thereof. I concur with the opinion of Mr. Justice SCOTT of the Appellate Division and vote for affirmance of the order of the Appellate Division.

HISCOCK, CHASE, COLLIN, CARDOZA and SEABURY, JJ., concur with WILLARD BARTLETT, Ch. J.; HOGAN, J., dissents in memorandum.

Judgment accordingly.