THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* CHARLES L. PETERSON, Defendant.

County Court, Kings County, June 8, 1936.

*James E. Wilkinson*, for the motion.

*William F. X. Geoghan, District Attorney* [*Edward H. Levine* of counsel], opposed.

FITZGERALD, J. Motion to dismiss indictment on ground of second jeopardy.

The defendant was indicted by the April, 1934, grand jury, for forgery in the third degree. Hereafter this indictment will be referred to as indictment No. 2.

He had previously been indicted by the November, 1933, grand jury, for the same crime. Hereafter this indictment will be referred to as indictment No. 1. He was tried upon that indictment in February, 1934, and acquitted.

The indictments are identical with the exception that the first indictment was based upon a check dated July 22, 1931, in the sum of $380, and the second indictment upon a check dated March 27, 1931, in the sum of $655.

The defendant was treasurer of the United States Journeymen Plumbers and Steamfitters Local No. 1. As such treasurer, it was charged, it was his duty to keep a certain book of account known as the " cash book," and to make true entry therein of all receipts of the association.

In indictment No. 1 it was charged that on July 22, 1931, he received a check for $380, payable to the order of the local, and instead of entering it in the books of the association, he willfully omitted so to do with intent to defraud or to conceal the misappropriation previously by him of such a sum of money. In indictment No. 2 the omission charged is of a check dated March 27, 1931, in the sum of $655 and the amount of the misappropriation alleged to have been concealed is an identical amount.

The acts alleged are denounced by section 889 of the Penal Law and constitute forgery in the third degree.

It appears from uncontradicted affidavits submitted in support of the motion that on the trial of indictment No. 1 the check referred to in indictment No. 2 was put in evidence by the People; that no attempt was made to prove a specific larceny, but that the evidence to sustain the indictment was, in part, the testimony of an accountant, who testified to an alleged shortage in a running account covering a period of about two years.

The check recited in indictment No. 2, together with others, was put in evidence on the trial of indictment No. 1 for certain purposes.

The check referred to in indictment No. 2 was also in evidence before the grand jury which returned indictment No. 1, and was considered by that body in voting the indictment.

The grand jury which voted indictment No. 2 had before it seven checks, among which were included the check for $380 upon which indictment No. 1 was predicated, and the check for $655 upon which the second indictment was based.

The contention of the defendant is that unless the evidence before the second grand jury establishes the specific larceny of $655, the charges in both indictments are identical and the defendant is being put in second jeopardy by the second indictment.

Whatever the proof on the trial of indictment No. 1 may have been, the charge was the willful failure to make a true entry of the receipt of the check for $380 with intent to defraud or to conceal the larceny of $380.

The statute is: " A person who, with intent to defraud or to conceal any larceny or misappropriation by any person of any money or property:    *    *    *

" 3. Wilfully omits to make true entry of any material particular in any such account or books of account, made, written, or kept by him or under his direction,

" Is guilty of forgery in the third degree."    (Penal Law, § 889.)

Indictment No. 2, which is the basis of this motion, after reciting the other essential facts, charges the failure of defendant to enter the check for $655 to conceal a larceny of a sum of money of that identical amount.

The evidence before the grand jury amply establishes that defendant was a defaulter to the extent of approximately $4,000.

His peculations continued during several years.   His methods of operation were shrewd, and those who relied upon his integrity had neither knowledge nor suspicion of his dishonesty, until a shortage in remittals to the parent organization was finally brought to the attention of the other officials of the local.   The delay in acquiring knowledge of defendant's peculations was due largely to the fact that all correspondence between the parent organization and the local was conducted through and by the defendant, and that he suppressed the repeated requests for remittals from the local.

The first question presented for determination is whether it is necessary in order to convict defendant under the pending indictment (No. 2), to prove the specific theft, at a definite time, of a specific sum. ˙ The statute does not so declare.   The willful failure " to make true entry of any material particular in any such account or books of account, made, written, or kept by him or under his

direction," " with intent to defraud or to conceal any larceny or misappropriation by any person of any money or property," is what is prohibited.

To require that the omission to make any entry must be to conceal a specific larceny, when the statute declares that the intent must be to conceal *any* misappropriation would be to incorporate into the law something not there, and to leave a loop hole for the escape of the vast majority of those violating the statute.

That the several checks referred to were considered by both grand juries and by the petit jury before which indictment No. 1 was tried does not necessarily constitute second jeopardy.

The indictments charged separate and distinct offenses.

The evidence to establish the crimes charged in both indictments is not identical.

Evidence of the crime charged in the second indictment may properly be used on the trial of the first indictment for certain purposes. The offense of failing to enter the check for $380 (the basis of indictment No. 1) could be proved without using the check for $655 upon which indictment No. 2 is predicated.

The rule is settled in *People* v. *Molineux* (168 N. Y. 264).

Evidence tending to prove any crime not set out in the indictment is inadmissible, except when it tends to establish (a) motive; (b) intent; (c) the absence of mistake or accident; (d) a common scheme or plan embracing the commission of two or more crimes, so related to each other that proof of the one tends to establish the other, or (e) the identity of the person charged with the commission of the crime on trial.

Proof of the omission to enter the check for $655 unquestionably was competent upon the trial of indictment No. 1, under the first three grounds set forth, and probably under the fourth. It was not essential; there was ample evidence to sustain the charge if proof of the failure to enter the check for $655 had been omitted. (See, also, *People* v. *Thau*, 219 N. Y. 39; *People* v. *Richardson*, 222 id. 103; *People* v. *Thompson*, 212 id. 249; *People* v. *Buffom*, 214 id. 53.)

Defendant relies upon the following authorities: *Morgan* v. *Devine* (237 U. S. 632); *Carter* v. *McClaughry* (183 id. 365); *Matter of Nielsen* (131 id. 176); *McIntosh* v. *White* (21 F. [2d] 934); *Burton* v. *United States* (202 U. S. 344); *People* v. *Rodgers* (184 App. Div. 461); *People* v. *Allen* (1 Park. Cr. 445); *People* v. *Burch* (5 N. Y. Crim. 29).

None of those cases sustain his contention; so far as they are decisive of any pertinent question they are inconsistent with his claims.

In *Morgan* v. *Devine* (*supra*) defendant was convicted of burglary in entering a United States post office to commit a larceny, and a larceny for stealing certain property in the post office.

In discussing the principle involved the court said: "the test of identity of offenses is whether the same evidence is required to sustain them; if not, then the fact that both charges relate to and grow out of one transaction does not make a single offense where two are defined by the statutes."

In the instant case the two offenses arise from separate and distinct acts.

In *Carter* v. *McClaughry* (*supra*) it was held that a charge of conspiracy to defraud the United States, and one to cause false and fraudulent claims to be presented, constituted separate offenses although arising out of the same transaction.

*Matter of Nielsen* (*supra*) held that conviction under a statute making it unlawful for a man to cohabit with more than one woman, barred a prosecution for adultery, when the latter offense was part of the continuous cohabitation with the woman named in the first indictment. The decision has no application.

In *Poffenbarger* v. *United States* (20 F. [2d] 42) it was held that charges of stealing mail bags, and their contents, were separate offenses under the statute.

"The test," said the court, "is not whether the defendant has already been tried for the same act, but whether he has been put in jeopardy for the same offense. (*Gavieres* v. *United States*, 220 U. S. 338.)"

*McIntosh* v. *White* (*supra*) held that charges of sale and transportation of narcotics were separate offenses although growing out of the same act.

In *Burton* v. *United States* (202 U. S. 344) it was held that a charge of receiving compensation from an officer of a corporation for prohibited services was not identical with a charge of receiving compensation from the corporation.

Burton was a member of the United States Senate. He was charged with accepting compensation for services rendered in a matter pending in the Post Office Department. He was acquitted in a trial of a charge of receiving compensation for such services from an officer of a certain corporation. Subsequently he was reindicted charged with receiving payment from the corporation itself.

"A plea of *autrefois acquit*," said HARLAN, J., "must be upon a prosecution for the same identical offense. 4 Bl. 336. It must appear that the offense charged, using the words of Chief Justice

SHAW, ' was the same *in law* and *in fact*. The plea will be vicious, if the offenses charged in the two indictments be perfectly distinct in point of law, *however nearly they may be connected in fact.*' "

In *People* v. *Allen* (1 Park. Cr. 445) the defendant was indicted for forgery. He was acquitted. He was indicted again for forgery. The same note was involved, the same indorsements on the note were in issue; the evidence was practically the same in both trials. All questions had been litigated in the first trial, and it was held to bar further prosecution.

A statement of the facts discloses no similarity with those in this case.

In *People* v. *Burch* (5 N. Y. Crim. 29) there was an acquittal on a trial of an indictment charging larceny. Defendant was then indicted and convicted of embezzlement of the same money. Under the statutes then in force wherein the common-law distinction between larceny and embezzlement still prevailed, it was held that the offenses were not identical; and the prosecution for embezzlement was not barred by the acquittal on the larceny charge. The case was reversed on a matter of procedure, which is of no moment here.

In *People* v. *Rodgers* (184 App. Div. 461) two indictments were found against a defendant, one charging him with the crime of robbery in the first degree as a second offender on the person of Alexander Gelber, and the other with an attempt to commit robbery in the first degree as a second offender on the person of Samuel Gelber. The crimes were committed at the one time. The defendant was acquitted on the trial of the first indictment. He was then tried on the second indictment and convicted. It was held that the acquittal on the trial of the first indictment was not good as a plea of former jeopardy on the second indictment.

The Constitution of this State (Art. 1, § 6) declares: " No person shall be subject to be twice put in jeopardy for the same offense."

Section 9 of the Code of Criminal Procedure provides that " No person can be subjected to a second prosecution for a crime for which he has once been prosecuted, and duly convicted or acquitted."

The controlling question here is whether the offenses set out in both indictments are identical in law and in fact.

The gravamen of the offense is the willful omission to make a true entry of any material particular in certain books with intent to defraud or to conceal a larceny. (Penal Law, § 889.)

The crime charged in indictment No. 1 was the willful omission to enter the check for $380 with the intent to conceal a larceny; the crime charged in indictment No. 2 is the willful omission to enter the check for $655 with the intent to defraud or to conceal a larceny.

It is apparent that the essential act of the crime charged in each indictment is separate, distinct and different from each other. The evidence necessary to establish the crimes charged is not identical; it is necessarily different. The evidence that would prove a willful failure to enter one check would not establish the omission to enter the other.

The failure to enter all of the checks, if willful, and done with the intent to defraud or to conceal a misappropriation, would constitute separate and distinct offenses; they would not merge, or become identical, by introducing as part of the proof, to establish willful omission to enter a specific check, failure to enter a number of other checks; such evidence would be competent under the doctrine of the *Molineux Case (supra)*.

Defendant stresses the necessity of establishing a specific larceny to avoid the plea of double jeopardy. As heretofore pointed out, that does not seem to be essential.

If the evidence establishes a willful omission to enter the check set out in the indictment in books of entry of the character described in the statute, and that such omission was to defraud or to conceal a larceny or a misappropriation by defendant, the specific amount misappropriated is of no consequence.

Although it is set out in the indictment that the willful omission to make the entry was to conceal a misappropriation of $655, the indictment could properly be amended upon the trial, if it should be shown that there was a larceny or misappropriation of a different sum, if the purpose of the act charged to. defendant was to conceal such larceny.

Motion denied.