THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.*
ABRAHAM B. GOLDSTEIN, Appellant.

Argued October 8, 1945; decided January 17, 1946.

*Rudolph Stand* for appellant. 1. The judgment should be reversed because of the improper admission of evidence of

extraneous transactions not shown to be criminal in character and not connected with the offense for which defendant was on trial. Slips listing bets on races run prior to the day of defendant's arrest and written by him, which were received in evidence against defendant, were wholly irrelevant and disconnected with the offense charged (*People* v. *Molineux*, 168 N. Y. 264; *People* v. *Richardson*, 222 N. Y. 103; *People* v. *Shea*, 147 N. Y. 78; *People* v. *Grutz*, 212 N. Y. 72; *People* v. *Crapo*, 76 N. Y. 288; *Coleman* v. *People*, 55 N. Y. 81; *People* v. *Sharp*, 107 N. Y. 427; *People* v. *Kelly*, 45 N. Y. S. 2d 685; *People* v. *Ebel*, 98 App. Div. 270). II. The question of substantial doubt as to the competency of evidence relating to the slips of prior days' bets should have been resolved in defendant's favor and the evidence should have been excluded (*People* v. *Grant*, 174 App. Div. 608; *People* v. *Molineux*, 168 N. Y. 264; *Shaffner* v. *Commonwealth*, 72 Pa. 63). III. The evidence was not sufficient to warrant the finding of guilt beyond a reasonable doubt (*People* v. *Collins*, 265 App. Div. 756; *People* v. *Carpenito*, 292 N. Y. 498; *People* v. *Richardson*, 287 N. Y. 563; *People* v. *Downs*, 123 N. Y. 558; *People* v. *Stedeker*, 175 N. Y. 57; *People ex rel. Sterling* v. *Sheriff of Nassau County*, 60 Misc. 326; *People ex rel. Collins* v. *McLaughlin*, 128 App. Div. 599; *People* v. *Bright*, 203 N. Y. 73).

*Frank S. Hogan, District Attorney* (*Milton H. Spiero* and *Whitman Knapp* of counsel), for respondent. I. Defendant's guilt was established beyond a reasonable doubt. The facts, taken in conjunction with the notations of the defendant's previous bets supported the trial court's determination that defendant was engaged in book-making (*People* v. *Carpenito*, 292 N. Y. 498; *People* v. *Danzilo*, 276 N. Y. 480; *People* v. *McGuire*, 275 N. Y. 521). II. The admission in evidence of defendant's notations of bets on horse races that had been run prior to his arrest was proper (*People* v. *Carpenito*, 292 N. Y. 498; *Bamman* v. *Erickson*, 288 N. Y. 133; *People* v. *McGuire*, 275 N. Y. 521; *Watts* v. *Malatesta*, 262 N. Y. 80; *People ex rel. Lichtenstein* v. *Langan*, 196 N. Y. 260; *People* v. *Solomon*, 174 App. Div. 144, 221 N. Y. 502; *People* v. *Hart*, 46 Cal. App. 2d 230; *People* v. *Schwartz*, 14 Cal. App. 9).

MEDALIE, J. This conviction of book-making is based on the testimony of the police officer who observed defendant near a busy Manhattan street corner in the early afternoon. Four men in turn approached defendant during a forty-minute period. Each of them had a short conversation with defendant and each then gave him money, the first two after consulting scratch sheets which list the horses entered in the day's races. As a fourth man approached defendant, the police officer came near and heard the man say " $2 to win on Yawl," a horse scheduled to run that day. The officer then followed defendant to a nearby clubroom. There in a desk at which the defendant was seated the officer found an envelope containing a large number of slips of paper. Defendant admitted to the officer that the writings were his and represented bets on horses. The officer, as an expert on book-making, testified that the slips showed the initials of players and amounts wagered. An envelope with similar slips was found in a fuse box in the same room. The bets listed on the slips were for races to be run prior to the day when all this occurred and when defendant was arrested. Defendant denied to the officer that he was a book-maker. He said " I'm just doing a favor for the real bookmaker. I help him out by writing the slips. I'm only a horse player myself." At the trial, defendant denied the charge of book-making and said that the slips in his handwriting represented bets in which he was only a partner of other players.

What is now Penal Law, section 986, was amended in 1910 (L. 1910, ch. 488) so that by statutory definition the offense includes the recording or registering of bets " with, or without writing." It includes too receiving money " bet or wagered, by or for any other person." Aiding or assisting any of these acts is also declared a misdemeanor. The statute has been taken to apply not to those who place their own bets with bookmakers, but to the professional operator who makes a business of betting against the public's guesses and so has earned the name book-maker as he records his numerous commitments. This court has not considered evidence sufficient where there is nothing more than the approach on the sidewalk of a few people to the defendant, the examination of a scratch sheet and the passing of money. The circumstances are not deemed sufficient to remove the case from uncertainty as to whether

defendant's status is that of a mere player or of a professional book-maker (*People* v. *Carpenito,* 292 N. Y. 498; *People* v. *Marra,* 289 N. Y. 703; *People* v. *Soshtain,* 288 N. Y. 658; *People* v. *Richardson,* 287 N. Y. 563). In these cases there was no evidence as to what was said and no evidence of a writing or recording. But where there has been proof of writings in addition to the unheard street corner conversations, examinations of scratch sheets and passing of money, the convictions have been sustained (*People* v. *Panagoulokos,* 292 N. Y. 545; *People* v. *Picone,* 292 N. Y. 546). In *People* v. *Sloane* (230 N. Y. 529), where as appears from the record the men who approached defendant told him to place bets of specified amounts, the evidence was deemed sufficient and the conviction was affirmed. So in this case, the officer heard the instructions to place $2 on a horse to be run that day. Defendant's admission that he helped the book-maker by writing his slips though not in terms applicable to the day of his arrest, is sufficient to prove he was engaged in assisting acts of book-making.

In addition, evidence of the slips in defendant's handwriting recording bets for races on previous days was potent proof that defendant was practicing the calling of book-making and was not merely a player or one sharing risks with other players. The admission of these slips in evidence as well as all proof concerning them was objected to by defendant as proof of other crimes than the offense for which he was being tried. As a general rule evidence that defendant committed other or similar offenses is not admissible to prove his guilt of the crime for which he is being tried. One may not be convicted of one crime on proof that he probably is guilty because he committed another crime (*People* v. *Molineux,* 168 N. Y. 264; *People* v. *Dolan,* 186 N. Y. 4). But the rule is subject to many reasonable exceptions (*People* v. *Buchalter,* 289 N. Y. 181; *People* v. *Thau,* 219 N. Y. 39, 42; *People* v. *Marrin,* 205 N. Y. 275; *People* v. *Molineux,* 168 N. Y. 264; *People* v. *Peckens,* 153 N. Y. 576, 594; *People* v. *Shea,* 147 N. Y. 78, 98).

This court has consistently held that evidence which is material and relevant to the issue is admissible even though it connects defendant with other crimes. In *People* v. *Peckens* (*supra*), MARTIN, J., said: " It is well settled by the decisions

of this court that while evidence of the commission of one crime is not admissible to establish a party's guilt of another, yet, that is not inadmissible because it tends to prove another crime if it is otherwise material and relevant."

In *People* v. *Thau* (*supra*), BARTLETT, Ch. J., quoted with approval from *State* v. *Adams* (20 Kan. 311, 319), where BREWER, J., said: " * * * A party cannot by multiplying his crimes diminish the volume of competent testimony against him."

The slips recording bets were material and relevant as showing the character of defendant's activity as he conducted himself on the street corner, consulting racing scratch sheets with two people and receiving money from four persons. A possible view of the evidence including the proof of the $2 bet on Yawl might still leave a doubt in the mind of the trier of the fact that the defendant was operating as a book-maker. There was an issue here whether defendant was a professional gambler playing against the public or a mere player or friendly participant with others. To determine that issue defendant's recent activities are proved by records written by him showing that he bets on horses against the public, or at least against those who trust him. Without such proof the case may be left in the uncertainties of the only circumstantial evidence available in many of these cases. Proof of the recording of yesterday's bets in book-maker style is effective in dissipating anxiety that an innocent player is being convicted. Proof that defendant recently made written records of bets on horses establishes his continuous activity in this prohibited occupation down to and through the events that caused his arrest. By this proof his conversations with the four men and the taking of money from them are seen in a clear light revealing the activities of a professional gambler. Without this proof of his bet-recording activities defendant may pose as a guiltless person when the available proof indicates the contrary. The rule of evidence invoked here reasonably and fairly permits an effective answer to an unfounded pretension of innocence.

The judgment should be affirmed.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND, THACHER and DYE, JJ., concur.

Judgment affirmed.