Dore, J.
Defendants separately appeal from separate judgments convicting each of the crime of book-making (Penal Law, § 986) after trial before a city magistrate sitting as a Court of Special Sessions. Each defendant was sentenced to a fine of $50 or imprisonment for ten days; the fines were paid.
Both defendants were arrested at the same time after separate observations by two policemen, one of whom testified against defendant Morett, the other, against defendant Holm. Separate informations charged each defendant with the crime of book-making, but did not charge defendants jointly with concerted action or aiding or abetting each other in the commission of the crime. Neither defendant was represented by counsel at the arraignment or the trial, but after being advised that an adjournment might be had to obtain counsel or witnesses, each, protesting he was not guilty, expressed the desire to be tried immediately.
The statement in the record on appeal required by rule 234 of the Rules of Civil Practice says that each defendant appeals from the judgment of the Court of Special Sessions “ after a trial * * * wherein both defendants were tried jointly without an order of consolidation.” The title and the record also indicate this unusual procedure. Defendant Morett was tried first. At the conclusion of his trial, the court reserved decision and said he would hear the other case and proceeded to do so. During Holm’s trial the court heard evidence prejudicial to Morett. The evidence was properly received in Holm’s ease as *98 an alleged admission by that defendant, but would have been hearsay on a trial of the charges against Morett. Immediately after completing Holm’s trial the court found both defendants guilty.
At the close of the People’s case against Morett, the court said to that defendant: “How you can take the stand.” At the close of the People’s case against Holm, the court said to that defendant: “ All right; take the stand! ” As neither defendant was represented by counsel, it was wholly improper, without advising each defendant that he could stand mute, to invite one and direct the other to take the stand.
Defendants contended they were mere players and not bookmakers. Section 986 of the Penal Law does not apply “ to those who place their own bets with book-makers, but to the professional operator who makes a business of betting against the public’s guesses and so has earned the name book-maker as he records his numerous commitments.” (People v. Goldstein, 295 N. Y. 61, 63.) One of the defendants was the owner of the hotel in which he was arrested. The other had a room there and claimed to be a mechanic, regularly employed. When arraigned he exhibited to the court his weekly salary slips showing, it is claimed, weekly earnings for a year, to establish that he had regular employment and was not in the business of book-making. The slips were not put in evidence during the trial, qnd the court’s inquiry as to whether the police officer had checked the defendant’s employment remained unanswered. Heither defendant had any criminal record.
As we have concluded that the judgments must be reversed for prejudicial errors in the conduct of the trial, it is unnecessary to detail the evidence. On retrial, each defendant should be tried separately on the information directed against him, and his guilt or innocence established solely by the proof adduced in his own case.
The judgments appealed from should be reversed and new and separate trials ordered.
• Martin, P. J., Glennon, Cohn and Peck, JJ., concur.
Judgments unanimously reversed and new and separate trials ordered. Settle orders on notice.