THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.*
JUDY SANTIAGO, Defendant.

City Magistrate's Court of New York, Borough of Manhattan, Women's Court,
April 30, 1948.

*Daniel P. A. Sweeney* and *Gabriel Mosner* for plaintiff.

*Samuel Markowitz* for defendant.

CANUDO, M. The defendant is charged with loitering in the bedroom of an apartment occupied by one Sing, in the city and county of New York, at or about 2:20 A.M., on the morning of March 26, 1948.

The arresting officer testified that he saw her enter the apartment house in which Sing resides, that he then gained access to Sing's apartment and upon searching through it, found a locked door, partially concealed by a curtain. Following several requests that the door be opened to him, the officer threatened to break it down and it was thereupon unlocked from the other side. He found that it led into Sing's bedroom. In this bedroom he found the defendant, fully clothed, and the witness, Sing, who was partially disrobed.

The defendant, upon being questioned by the officer, is alleged to have said, "He was my first customer tonight. I didn't get any money yet. I see him once a week, on his day off."

The witness Sing, testifying in court through an interpreter, stated that at about 1:50 o'clock on the morning in question the defendant called at his apartment. Over the defendant's objection, he was allowed to testify that on the corresponding day of practically each week for the previous five or six months — this being his day off from work — the defendant had visited him at his apartment and had had sexual intercourse with him, and that on each occasion he had given her $3. On the night in question, he stated she did not ask him for anything "because she was only in the room a few seconds", and they had not engaged in any act of sexual intercourse.

The defendant did not take the stand or introduce evidence. Clause (c) of subdivision 4 of section 887, of the Code of Criminal Procedure describes as a vagrant "a person * * * who

loiters in or near any thoroughfare or public or private place for the purpose of inducing, enticing or procuring another to commit lewdness, fornication, unlawful sexual intercourse or any other indecent act ''.

The conduct described by the officer, coupled with the defendant's admissions and the previous course of conduct described by the witness Sing, convinces me beyond any reasonable doubt that on the occasion in question the defendant was loitering in this witness' bedroom for the purpose of inducing him to engage in unlawful sexual intercourse. While the testimony indicates that the defendant had every reason to expect the payment of money for this act, attention is called to the fact that subdivision 4 of section 887 of the Code does not require the People to prove payment or even a promise of payment (*People* v. *Webb,* 25 N. Y. S. 2d 554). The question of whether an immoral act had actually taken place at the time of the arrest is similarly of no importance, inasmuch as a determination of vagrancy is not predicated upon the actual commission of such an act but is a condition or status that applies to a person who meets the description set forth in this section of the code at the time the charge is lodged (*People* v. *Banwer,* 22 N. Y. S. 2d 566).

The defendant's voluntary statement to the officer that the witness Sing was her first customer that night, and her statement that she expected to receive money from him, were admissible into evidence against her, though standing alone they would not be adequate to establish her guilt. (Code Crim. Pro., § 395.) The additional proof required by the code is furnished by her visit to these premises at this time of day, her presence in Sing's bedroom under the conditions described by the officer, and the statement of Sing as to her prior visits.

The defendant objects to the admission into evidence of Sing's testimony with respect to the previous visits, on the ground that it constitutes evidence of prior crimes and, as such, is not admissible as part of the prosecution's case against the defendant. While generally any evidence tending to prove a defendant guilty of a crime not alleged in the complaint or indictment is inadmissible for any purpose, exceptions have been recognized in this jurisdiction where such evidence tends to establish motive, intent, absence of mistake or accident, identity of the defendant or a *common scheme or plan embracing the commission of two or more crimes, so related to each other that proof of the one tends to establish the other (People* v.

*Molineux*, 168 N. Y. 264). Evidence which tends directly to prove the crime charged will not be excluded merely because, incidentally, it shows the prisoner to have been guilty of other offenses.

The reasoning of the *Molineux* case has been consistently followed. Thus, in *People* v. *Duffy* (212 N. Y. 57), evidence was received to show that a police officer, charged with bribery, had been receiving " hush money " from proprietors of other disorderly resorts and had carried on in the receipt of such sums for police protection in a manner established by his predecessor.

In order to render evidence of other crimes competent to show a common plan or scheme, a very close relation of time, place or circumstances must be shown between the other crimes sought to be proved and the crime charged, so that they can truly be said to be embraced in a single criminal scheme (Richardson on Evidence, § 154).

In *People* v. *Thompson* (212 N. Y. 249), the court held that in cases of adultery, seduction, statutory rape and incest, even acts subsequent to the act charged in the indictment are relevant to show a continuity of the lascivious disposition. In *People* v. *Thau* (219 N. Y. 39, 42), evidence was received of the defendant's visit to the complaining witness on a prior occasion two weeks before the assault alleged in the indictment. His threatening manner and vicious conduct at that time were held relevant to establish motive, common scheme or plan and identity. There the court said: " * * * where the evidence is relevant the trial court should not hesitate to receive it notwithstanding the fact that it tends to prove the defendant guilty of another offense. * * * ' * * * A party cannot by multiplying his crimes diminish the volume of competent testimony against him.* * * ' ".

In *People* v. *Goldstein* (295 N. Y. 61, 65), decided in 1946, the Court of Appeals held that the admission of bookmaking slips for races run prior to the date of the offense charged in the complaint was proper under section 996 of the Penal Law, as " material and relevant as showing the character of defendant's activity as he conducted himself on the street corner. * * * Proof that defendant recently made written records of bets on horses establishes his continuous activity in this prohibited occupation down to and through the events that caused his arrest. * * * Without this proof of his bet-recording activities defendant may pose as a guiltless

person when the available proof indicates the contrary. The rule of evidence invoked here reasonably and fairly permits an effective answer to an unfoundable pretension of innocence."

On April 13, 1948, the Appellate Part of the Court of Special Sessions affirmed the decision of a city magistrate under clause (c) of subdivision 4 of section 887 of the Code of Criminal Procedure in the case of *People* v. *Mary Morris*. There also, the evidence showed no conversation on the day of the arrest between the defendant and the man whose apartment she visited, but on the trial evidence was received as to prior course of conduct somewhat similar to that involved in the case now before this court. As in the current case, the defendant, Mary Morris, did not take the stand or introduce any evidence in her own behalf. While in the *Morris* case the arrest was made after the officer had observed the defendant actually engaged in an act of intercourse with the male witness, that fact does not, in my opinion, distinguish the *Morris* case from the present case, in view of the wording of the statute.

The defendant argues that the People have failed to establish, by clear and positive evidence, the offer and promise of payment alleged in the complaint against Judy Santiago. In the light of the abundant evidence as to the prior relationship between the defendant and the witness Sing, the regularity of her visits to him on the day of the week when he did not work, and the uniform amount of money given to her on each of these occasions, it is my opinion that her very presence at his apartment at the hour set forth in the complaint on the date in question indicated a clear understanding between the parties that an act of prostitution was to be committed by her, with the witness Sing, for the sum of $3.

For this and all the other reasons set forth above, I find the defendant guilty as charged.