THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. FREDDIE ALEXANDER PERMENT, Appellant.— Appeal by defendant: (1) from a judgment of the County Court, Queens County, rendered July 18, 1958, after a jury trial, convicting him of assault in the second degree with intent to commit rape, and of assault in the second degree, and sentencing him, as a second felony offender, to serve a term of 5 to 10 years; and (2) from every intermediate order made in the action. Judgment reversed on the law and a new trial granted. The findings of fact implicit in the jury's verdict are affirmed. The only witness who testified to the actual commission of the crime was the complainant. She stated that the defendant committed the assault upon her on the night of April 4, 1958, shortly after 9:00 P.M. As the result of the injuries she received, she was taken to a hospital. Police Officer McNevin testified .that he took the defendant to the hospital on the same evening, and that the complainant there identified the defendant as her assailant. An appropriate objection was made to the police officer's testimony. In our opinion, such hearsay proof for the purpose of corroborating the complainant's identification of the defendant, constitutes reversible error, particularly where, as here, defendant denied his implication in the affair and his identification was the crucial question in the case (*People* v. *Cioffi*, 1 N Y 2d 70; *People* v. *Trowbridge*, 305 N. Y. 471; *People* v. *De Jesus*, 11 A D 2d 711). Hence, a new trial is directed. Other claims of error are without merit. It is claimed that the Trial Judge erred when he permitted the complainant to testify that the defendant stated, when he first attacked her:. " I'm just out and don't call the cops. * * * I. need some woman * * * and you're going to be the the one." In our opinion, the admission of this testimony was not error. Since the testimony related to utterances which were made by the defendant, not only spontaneously, but concomitantly with his attack upon the complainant, the testimony was admissible. It was admissible because it was a part of the *res gestae* and because it showed

defendant's intent or state of mind to commit the crime charged, namely assault with intent to commit rape (cf. *People* v. *Buchalter*, 289 N. Y. 181, 217–218, and cases there cited; *Waldele* v. *New York Cent. & Hudson Riv. R. R. Co.*, 95 N. Y. 274, and cases there cited). It is also claimed that the Trial Judge erred when he permitted Police Officer McNevin to testify that when he first found the defendant the latter stated that he "just got out." Again, error is here said to lie in the fact that such testimony may have disclosed defendant's commission of a prior unrelated crime. In our opinion, the admission of this testimony was not error. While it is true that the testimony may have revealed the commission of another crime, nevertheless, in view of the similarity, if not the identity, of defendant's declarations to the complainant when he first attacked her, and his declaration to the arresting officer when he was first apprehended, the testimony of such similar declarations becomes competent and admissible. It becomes so on the ground that: (1) it tends affirmatively to establish the defendant's identity as the person who committed the assault charged; and (2) it tends negatively to preclude any mistake as to his identity (cf. *People* v. *Thau*, 219 N. Y. 39, 42–43; *People* v. *Zackowitz*, 254 N. Y. 192, 198, 204; *People* v. *Goldstein*, 295 N. Y. 61, 64–65; Richardson, Evidence [8th ed.], § 185, § 175). In any event, even if it be assumed that it was error to admit testimony as to the defendant's declaration to the police officer, such error was corrected at the trial. The Trial Judge granted defendant's motion to strike it from the record and instructed the jury to disregard it. No separate appeal lies from the intermediate orders, which have been reviewed on the appeal from the judgment of conviction. Nolan, P. J., Kleinfeld, Pette and Brennan, JJ., concur; Christ, J., dissents and votes to affirm, with the following memorandum: On the night mentioned, the complainant was brutally assaulted, pummeled and dragged in the vicinity of Beach 83rd Street and the Boardwalk in Rockaway Beach. Except for the defendant, she saw no one else in the vicinity. Immediately after the assault complainant ran to her home a few blocks away; her son went right out and called policemen who were in the neighborhood; and she related to them her experience. The policemen promptly deployed to the scene of the crime, where they found the defendant on the sand at Beach 80th Street; he was the only one there and he was the only person they encountered. The place where he was found on the sand was near the place which complainant had fixed as the terminal locus of the ambulatory assault. Both he and the place showed all the symptoms of a fierce struggle: there was a "pool of blood there" and the sand was "disturbed;" he was completely disheveled; his clothes were open and his private parts were exposed; his pants at the knees were torn; and his knees were bruised. And immediately after being apprehended and questioned he fled, but was caught after a brief chase. In the meantime, the complainant had been brought to the hospital. The defendant was taken there directly from the beach. At the hospital the complainant unhesitatingly and positively identified him as her assailant. She similarly identified him at the trial. Without more, these facts, together with the testimony as to defendant's declarations to the complainant and to the arresting police officer, as recited in the majority memorandum, are ample to establish beyond a reasonable doubt the defendant's identity as the assailant. Of course, I must agree with the majority that it was error for the police officer to testify as to the complainant's previous identification of the defendant in his presence. Despite such error, however, the fact remains that — solely on the basis of the other admissible evidence and declarations recited in this dissenting memorandum and in the majority memorandum — the defendant was inescapably tied to the offense as its perpetrator. Under all the circumstances, it is my firm conviction that the hearsay

testimony by the police officer as to complainant's previous identification of the defendant, did not influence the jury in finding him guilty; his fate was sealed without it. His guilt was so positively established by all the other physical and oral evidence in the case, as well as, by his own spontaneous and contemporaneous declarations, that in the overall picture the inadmissible portion of the police officer's testimony must be deemed to be surplusage and inconsequential (cf. *People* v. *Alexander*, 13 A D 2d 520). It did not affect any substantial right of the defendant. In the interests of justice, therefore, it should be disregarded on this appeal, as permitted by section 542 of the Code of Criminal Procedure.