■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RAYMOND ROBERTS, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered August 2, 1965, convicting him of feloniously selling a narcotic drug, upon a jury verdict, and imposing sentence. Judgment reversed, on the law and the facts, and new trial granted. In our opinion, the cumulative effect of the following errors deprived defendant of a fair trial: (1) Testimony by a police officer was admitted that the buyer of the narcotics told him that defendant had sold it to him. This was hearsay although defendant, then in the custody of the police, was present when the statement was made. Defendant's silence under such circumstances does not constitute an acquiescence in the statement (*People* v. *Rutigliano*, 261 N. Y. 103, 106). The error was compounded by the court's refusal to charge that such silence is not evidence of guilt. (2) Testimony by a police officer was admitted that he had observed defendant, several hours before the transaction in question, take four men into a building and that the men emerged later, staggering. He also testified that defendant admitted to selling the men narcotics. This constituted proof of the commission of a crime other than that for which he was being tried (see *People* v. *Goldstein*, 295 N. Y. 61, 64). The testimony had no probative value as to the issues in the case. (3) The court charged the jury: "And I tell you right now if you feel that these officers framed this defendant and that he did not sell these two glassine envelopes, throw it out; find him not guilty." This was improper since the implication was that, unless the jury thought that the police officers were framing the defendant, they should find him guilty. (4) A police officer testified that defendant told him, in answer to his question how did he support himself, that "he was living with a girl and she was working". This was irrelevant and prejudicial. (5) The prosecutor implied in his summation that an important witness had not been called by the People because it would have put his life in danger. The error was compounded when the court, in response to defendant's objection, instructed the jury that they could consider this factor. This was improper and highly prejudicial. We have noted that defendant's admissions introduced at the trial were obtained by the police without the warning required by the holding in *Miranda* v. *State of Arizona* (384 U. S. 436). However, the holding in that case is not to be applied to trials held prior to June 13, 1966 (*Johnson* v. *State of New Jersey*, 384 U. S. 719). Ughetta, Acting P. J., Christ, Hill, Rabin and Benjamin, JJ., concur.