STATE OF CONNECTICUT *v.* ROBERT B. JENKINS

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE NO. CR 1-22977

Argued August 29—decided October 13, 1967

*George Lane, Jr.,* of Norwalk, for the appellant (defendant).

*Robert J. Callahan,* assistant prosecuting attorney, for the appellee (state).

DEARINGTON, J. The defendant was found guilty by the jury of policy playing in violation of § 53-298 of the General Statutes and has appealed. There was no finding, since the defendant assigned error solely in the rulings of the court in admitting into evidence certain testimony and certain moving pictures. Practice Book § 957.

It appears from the transcript exhibit that a police officer testified that on February 10, 1967, he

observed the defendant, through binoculars, writing policy play and taking numbers from certain people driving by in their vehicles. He further testified, "In fact that location there, the traffic is usually blocked by the number runner out on the street taking the numbers." Thereafter, the witness was asked if he had observed the defendant in this area approximately one month before, that is, on January 10, 1967, and the witness answered, "Yes sir, I did." The witness was then asked to describe the actions of the defendant on that date. At this point, the defendant objected on the ground that the question was premature and the answer could be prejudicial. It is somewhat difficult to analyze the defendant's reasoning, for in connection with his objection on the ground that the evidence was premature he added that if there was other evidence that the defendant dropped "this piece of paper" and he was connected with the paper, the evidence would be appropriate. No reference is made in the transcript to a piece of paper, and the significance of such a piece of paper, if it did exist, is left unexplained. The state, however, claimed the question on the ground that it tended to show a pattern of conduct on the part of the defendant. The court ruled adversely to the defendant and instructed the jury that such evidence as might be elicited from the witness on this point would be admitted solely for the purpose of showing a pattern of betting activity and not for the purpose of establishing the truth or falsity of the particular acts. The witness then testified that the defendant's activity was the same as that previously described, that is, making contact with various known persons driving by who played the numbers and would stop their cars and in so doing block traffic.

It is a well-settled rule of law that evidence tending to show that a defendant committed other uncon-

nected crimes, though of a similar nature to the one charged, is inadmissible. *State* v. *Gilligan,* 92 Conn. 526, 530; *State* v. *Camera,* 132 Conn. 247, 251. Evidence of such other crime may be admissible, however, if it is relevant and related in time, place and circumstances to the offense charged so as to have substantial probative value in indicating a pattern, design or plan. Holden & Daly, Conn. Evidence, § 69 (4), p. 232, and cases cited; 1 Underhill, Criminal Evidence (5th Ed.) § 212; 2 Wigmore, Evidence (3d Ed.) § 304. To be relevant, the collateral or independent offense must be one that forms a link in the chain of circumstances and is directly connected with the charge on trial. 1 Wharton, Criminal Evidence (12th Ed.) § 240. It is not enough to show that the defendant committed one or more other crimes of the same general nature, in the same area and at approximately the same time, unless it also is shown that the other crime is relevant, material, and logically connected with the offense alleged. *State* v. *Buxton,* 324 Mo. 78. If we apply such tests to the facts in question, we are of the opinion that the evidence was material and relevant and tended to show a pattern. The defendant was making contact with known number players who would drive up and stop, and from whom the defendant would take numbers. It can hardly be argued that such activity, to the extent of blocking traffic, could have occurred without there having been some preconceived and deliberate system or design, and it demonstrated the pattern of the defendant's activity, as he conducted himself on the street, as being consistent with that on the day charged. See *People* v. *Goldstein,* 295 N.Y. 61.

Following the introduction of this evidence, the prosecution offered moving picture films, claiming that they depicted the defendant's activities on January 10, 1967. The defendant objected on the

ground that the evidence violated his constitutional right to a fair trial for the reason that he was charged with an alleged offense committed on February 10, 1967, and the proffered evidence related to activities claimed to have occurred on January 10, 1967. The state claimed that the evidence evinced a pattern of gambling activity. The court then ordered that the courtroom be cleared of everyone but the court personnel and that the film be shown. The court also announced that following its observation of the film it would rule on any objection the defendant might make. A foundation was laid and the film was exhibited. The transcript is not clear as to the precise sequence of events but does indicate that the film was later received in evidence. The transcript does not indicate what objections, if any, the defendant made subsequent to the showing of the film. The crux of the defendant's initial objection, however, appears to have been that the evidence violated a right to a fair trial because it might tend to show evidence of a crime other than the one charged. We have already considered this objection as it related to the verbal testimony of the witness, and in that instance we found no error in the court's ruling. Moving pictures taken without artificial reconstruction are entitled to be admitted on the same principle as still photographs. 3 Wigmore, Evidence (3d Ed.) § 798a; see Richardson, Modern Scientific Evidence § 16.20 et seq. It perhaps should be added that the films were not exhibited in this court. We cannot say that the court abused its discretion in admitting the films into evidence. 2 Wharton, Criminal Evidence (12th Ed.) § 694.

There is no error.

In this opinion JACOBS and WISE, Js., concurred.