Jasen, J. (dissenting).
I would affirm the judgment of conviction.
*145 In People v. Molineux (168 N. Y. 264), this court enumerated five exceptions to the general rule that evidence of other crimes cannot he admitted to prove commission of the crime charged. Thus, such evidence was held to he admissible when it tends to establish motive, intent, the absence of mistake or accident, a common scheme or plan, and identity of the person charged with committing the crime. The significance of these exceptions is that they limit evidence of other crimes to instances where it is directly probative of the crime charged. (See, People v. Thau, 219 N. Y. 39, 42; People v. McKinney, 24 N Y 2d 180.) If such evidence is offered merely to demonstrate criminal bent or character, it will be properly rejected. (People v. Schwartzman, 24 N Y 2d 241, 247.)
The identity exception holds admissible evidence of other crimes when they tend to identify the accused as the perpetrator of the crime and identity is a genuine issue in the case. Unless identity has been conclusively established, such evidence,if relevant, should be admitted. Merely because other evidence of identity, sufficient to form a prima facie case, has been offered, does not require that evidence of other crimes be' excluded. If identity is a controverted issue, relevant evidence of other crimes should be admitted.
It should be noted that the Molineux {supra) case distinguishes between the common scheme or plan and the identity exceptions. Under the former exception either a series of connected crimes or a unique modus operandi can be demonstrated to pinpoint the guilty party. Under the identity exception,however, the crimes are not required to have a unique modus operandi or common scheme. If the commission of a prior crime can help identify the perpetrator of the second, this evidence is then relevant under the Molineux rule. We have on the proper occasion sanctioned the admission of evidence of a dissimilar crime to identify a guilty party. (People v. Galante, 24 N Y 2d 886 [proof of a stolen credit card linked defendant to later burglary] ; People v. Hill, 198 N. Y. 64 [prior theft of guns linked defendant to later murder].)
As the Molineux case indicated {supra, at p. 313), there are only a limited number of instances where the identity exception will be available. This is, however, such a case. There *146 can be no doubt that identity was the crucial controverted issue in this case. In fact, defendant’s counsel repeatedly said during summation, “ [the] defendant is not the man.”
The only direct evidence linking defendant to the robbery was the uncorroborated eyewitness testimony of the victim, John Marsh. There were, however, persistent attempts to discredit Marsh by pointing out a discrepancy between his original description of the holdup man and the defendant’s physical characteristics. It was also intimated that Marsh was too upset by the crime to make an accurate identification.
Consequently, further evidence was needed to identify the defendant as the perpetrator of the crime. This was supplied by the evidence that defendant had committed the Suffolk County robbery. The bullet which had been fired at the victim Marsh was traced to a gun found in an abandoned 1961 Cadillac. This .evidence did not prove that he committed the first robbery unless it could be demonstrated that he was presently in possession of both the gun and the Cadillac. This missing link was supplied by evidence of the Suffolk robbery. A detailed account of this second crime demonstrated that defendant was in possession of the .same gun that had been fired at Marsh and had used the 1961 Cadillac as a getaway car. Thus, evidence of the Suffolk robbery linked defendant to the gun used in the crime charged and served to identify him. ('See People v. Hill, supra, where a gun was also admitted as the identity link.) Without this evidence it would have been possible to believe defendant’s alibi that the car (and hence the gun) was abandoned. I conclude that this evidence was relevant and within the rationale of the Molineucc identity exception.
Accordingly, the order of the Appellate Division should be reversed, and the judgment of conviction affirmed.
Chief Judge Fuld and Judges Burke, Bebgan, Bbeitel and vDibson concur with Judge Scileppi; Judge Jasen dissents and votes to reverse in a separate opinion.
Order affirmed.