Scileppi, J. (dissenting).
I dissent and vote to reverse and reinstate the judgment of conviction, for as I read the record, I perceive no basis for the majority’s view that a new trial is warranted.
Defendant was convicted after a jury trial of robbery, first degree, grand larceny, first degree, and assault in the second degree. At the trial it was established that defendant and four accomplices perpetrated an armed robbery of a Queens County supermarket, after which eight people were placed in a dairy freezer so as to afford the robbers an opportunity to escape. On appeal the Appellate Division reversed and ordered a new trial and the majority in this court has affirmed that order.
*836 Defendant argues that the trial court erroneously permitted the District Attorney to cross-examine him on the issue of other similar crimes. The following questions were put to defendant:
“ Now, on January 18, 1967 — January 18th, did you, together with Lionel Delgard, Robert Smith, Ann Nesbitt and Anna Laurie Williams, the woman that was just testifying for the people, did you commit a robbery, a stickup, at Route 440 in Jersey City and take $25,000? ”
“ On November 18, 1966, did you, with Robert Henry Smith, June Watson and a Herbie, at 8:15 a.m., in the morning, rob from Ben Margrow, the manager of a Waldbaum supermarket at 876 DeKalb Avenue in Brooklyn, the sum of $367 at gunpoint, and then place the persons in the store, Mr. Margrow, in a freezer, and leave the premises? ” Defendant answered “No” to each question and defense counsel’s objection was overruled and a motion for a mistrial was denied. The Appellate Division as affirmed by the majority in this court has held that this interrogation exceeded the legitimate bounds of cross-examination. Since defendant had been indicted, but not yet tried for the crimes referred to in the questions, it is argued that the District Attorney’s purpose was to show defendant’s criminal prospensity. While it is, of course, true that evidence of uncharged crimes is inadmissible if offered to show a criminal disposition (People v. McKinney, 24 N Y 2d 180; People v. Goldstein, 295 N. Y. 61), the mere fact that the crimes referred to in cross-examination involve robberies allegedly committed by defendant and his accomplices where victims were placed in freezers, does not mean it was the intent of the District Attorney to show a criminal disposition. A defendant may be cross-examined as to specific criminal and immoral acts and “ [i]t does not matter that the offense or the acts inquired about are similar in nature and character to the crime for which the defendant is standing trial * * * Entitled to delve into past misdeeds, the prosecutor may not arbitrarily be shackled by circumstances that the defendant has pursued a specialized field of crime and has committed many offenses ” (People v. Sorge, 301 N. Y. 198, 200).
Thus, since there has been no showing that the questions were not asked in good faith or did not have some basis in fact, the cross-examination was entirely proper (People v. Schwartzman, 24 N Y 2d 241). Contrary to defendant’s view, evidence of other *837 similar crimes would, in any event, have been admissible in the instant case since its relevance on the issue of identity and modus operandi clearly outweighs any possible prejudice to the defendant. Identity was a contested issue at the trial below. While two victims were called as witnesses by the People and identified defendant, defendant thereafter testified that he was not present at the scene of the crime, raising a serious question as to identity. Since the defendant’s identity was not “ conclusively established, the identity exception set forth in [People v. Molineux, 168 N. Y. 264] should apply to enable the prosecution to adequately prove the defendant’s identity” (People v. Condon, 26 N Y 2d 139, 142). Moreover, since the other crimes involved the same perpetrators who placed victims in freezers, they were relevant in establishing a particular modus operandi (see People v. Kennedy, 27 N Y 2d 551 [where the modus operandi involved the switching of handkerchiefs as a means of stealing the victim’s money]).
Nor is there any reason to order a new hearing on the issue of whether a showing of photographs prior to a pretrial lineup tainted the lineup identification and the subsequent in-court identification. Contrary to the view expressed by the Appellate Division, the record of the voir dire held below is not ‘ ‘ too sparse ”. Three witnesses testified providing sufficient information to allow the trial court to render a decision, and the mere fact that defendant elected not to call witnesses or introduce evidence is not a reason to give him a second chance to relitigate the issue. As to the introduction of evidence of a prior consistent statement of one of the People’s witnesses, suffice it to say that error, if any, was rendered harmless by the clear and convincing evidence of the defendant’s guilt.
Accordingly, the order appealed from should be reversed and the judgment of conviction reinstated.
Order affirmed, etc.